WARNOCK RYAN LEASING, INC., WARNOCK RYAN DODGE, INC., CORPORATIONS OF THE STATE OF NEW JERSEY, AND DONALD W. WARNOCK, APPELLANTS, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF PURCHASE AND PROPERTY, RICE AND HOLMAN FORD, INC. AND SEA BREEZE FORD, RESPONDENTS.

SEA BREEZE FORD, APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF PURCHASE AND PROPERTY, RICE AND HOLMAN FORD, INC., AND WARNOCK RYAN LEASING, INC., AND WARNOCK RYAN DODGE, INC., RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 7, 1984—Decided May 21, 1984.

12

Before Judges ARD, MORTON I. GREENBERG and TRAUTWEIN.

*James M. Mulvaney* argued the cause for appellants Warnock Ryan Leasing, Inc., Warnock Ryan Dodge, Inc. and Donald W. Warnock (*Deutsch & Mulvaney,* attorneys; *John F. Delaney* and *Fred A. Manley, Jr.,* on the brief).

*Richard L. Bonello* argued the cause for appellant Sea Breeze Ford (*Anschelewitz, Barr, Ansell & Bonello,* attorneys).

*Alan R. Schmoll* argued the cause for respondent Rice and Holman Ford, Inc. (*Capehart & Scatchard,* attorneys).

*Joseph L. Yannotti,* Deputy Attorney General, argued the cause for respondent State of New Jersey, Department of the Treasury, Division of Purchase and Property (*Irwin I. Kimmelman,* Attorney General, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by

MORTON I. GREENBERG, J.A.D.

On November 22, 1983, the State of New Jersey, through the Division of Purchase and Property, Department of the Treasury (Division), issued a request for proposals (RFP) for the purchase of several classes of law enforcement vehicles including the vehicles involved on this appeal, full-size pursuit and non-pursuit vehicles. The RFP requested bidders to give the price for vehicles to the State and its agencies, as well as to local governments. The local government price was requested so that the Division could extend the State contract to them pursuant to *N.J.S.A.* 52:25–16.1.

Appellants Sea Breeze Ford, Inc. and Warnock Ryan Leasing, Inc. as well as Rice and Holman Ford, Inc. submitted bids on the full-size cars. The Sea Breeze bids provided for fixed prices but allowed a 6% cash discount to the State if payment were made within 15 days. The cash discount term was not extended to the local governments. Rather Sea Breeze required them to pay C.O.D. Sea Breeze gave the lowest price to the State but because of the differential attributable to the discount Rice and Holman Ford was low on the local bid.

On December 21, 1983 Thomas P. Gallagher, assistant supervisor of the Division, issued an award recommending that Sea Breeze receive the contract for full-size pursuit vehicles. No recommendation for non-pursuit vehicles was made at that time. Based upon this recommendation the director of the Division on January 3, 1984 issued a notice awarding Sea Breeze the contract. This was intended to include both state and local purchases.

Subsequently the Division discovered that an error had been made in the contract award. Specifically the Division realized that Sea Breeze had excluded the cash discount for the local purchases so that Sea Breeze's bid was not the lowest for the local governments. Further the Division considered that the C.O.D. term for local government purchases was improper inasmuch as it precluded inspection before payment and was

unlawful under *N.J.S.A.* 40A:5–16 which requires municipalities to receive goods prior to payment.

Accordingly, on January 17, 1983, Gallagher recommended to the director that the award of January 4, 1984 be modified to eliminate the local government purchases from the Sea Breeze contract. He recommended, however, that Sea Breeze retain the award for state purchases for full-size pursuit vehicles. In addition he recommended that Sea Breeze be awarded the state contract for full-size non-pursuit vehicles. Finally he recommended that Rice and Holman be awarded the contract for the local purchases. Based upon these recommendations, the director issued new contract awards pursuant to which Sea Breeze retained the state contract for full-size vehicles and Rice and Holman received the local government award for full-size vehicles. Thus the awards were bifurcated.

Sea Breeze then filed a protest to this decision. A hearing on the protest was held on February 6, 1984, before Burton Weltman, assistant to the director of the Division. On February 24, 1984 Weltman issued a report and recommendations in which he found that the bifurcation of the award of full-size vehicles was permitted by law and was not in violation of established practices of the Division. Weltman also found that the C.O.D. clause in Sea Breeze's bid contradicted the inspection clauses of the RFP and thus was a major deviation from the terms of the RFP. He recommended adherence to the decision bifurcating the contract and canceling the local award to Sea Breeze. However Sea Breeze was to retain the contract for state vehicles.

Following the submission of exceptions, the director of the Division issued a final determination on March 12, 1984 affirming the hearing officer's recommendation, canceling the local award to Sea Breeze Ford, Inc. and affirming the award to Rice and Holman Ford, Inc. Sea Breeze retained the contract for the state vehicles.

Warnock Ryan filed a notice of appeal on March 22, 1984. It objects to the local award to Rice and Holman, contending that if the local contract is to be awarded it may only be given to the supplier on the state contract. Sea Breeze has separately appealed. It contends it should be awarded both the state and local contracts or it should be allowed to withdraw its entire bid. The State contends that none of the appellants has standing to appeal and in any event it acted lawfully. Rice and Holman contends the award was properly made to it. We have consolidated and accelerated the appeals.

■■ We need not long be detained by the standing issue. Sea Breeze having been awarded a contract has standing to challenge its partial cancellation. Further Donald W. Warnock, apparently a principal in Warnock Ryan Leasing, has personally appealed in this matter. His contention that he is a resident, property owner and taxpayer is not factually challenged. Taxpayers are recognized as having standing to challenge an unlawful award of a public contract. *See Bulman v. McCrane*, 123 *N.J.Super.* 213, 215 (Ch. Div.1973), rev'd on other grounds 64 *N.J.* 105 (1973). The attorney general points out Warnock is actually pursuing private rather than public interests. Perhaps this is so but we do not see why this should undercut the standing he otherwise has. Indeed if anything his interest should enhance his position. We will decide this case on the merits.

■ Our initial substantive consideration is whether the vehicle contracts could be bifurcated with different state and local awards. The contracts in this case were issued pursuant to *N.J.S.A.* 52:25–16.1 which provides:

> The Director of the Division of Purchase and Property *may include, in any such contract or contracts on behalf of the State,* a provision for the purchase of such materials, supplies or equipment by any county, municipality or school district from such contractor or contractors. The county, municipality or school district shall have sole responsibility for any payment due the vendor for any such purchase. All purchases shall be subject to audit and inspection by the county, municipality or school district for which made. (Emphasis supplied.)

*N.J.S.A.* 52:25–16.1 originated as the third section in *L.* 1969, *c.* 104. The prior sections of *L.* 1969, *c.* 104 are now codified at *N.J.S.A.* 40A:11–12 and *N.J.S.A.* 18A:18A–10. *N.J.S.A.* 40A:11–12 is a portion of the Local Public Contracts Law (*N.J.S.A.* 40A:11–1 *et seq.*) and deals with the authority of counties, municipalities and certain other local public agencies. *N.J.S.A.* 40A:11–2(1). *N.J.S.A.* 18A:18A–10 is contained within the Public School Contracts Law (*N.J.S.A.* 18A:18A–1 *et seq.*) and thus is concerned with school districts. *N.J.S.A.* 40A:11–12 and *N.J.S.A.* 18A:18A–10 permit the local governments to purchase materials, supplies and equipment without advertising for competitive bids or after having rejected all bids provided the purchase is made pursuant to a contract entered into "... on behalf of the State ..." by the Division. The placement of these sections prior to *N.J.S.A.* 52:25–16.1 makes clear that the reference to contracts on behalf of the State within that section means contracts in which the State itself is obtaining materials, supplies or equipment. The section simply expands on the prior sections which allow the local agencies to use the state prices even though the contractor may not have considered making local sales when he made his bid. There is nothing in *N.J.S.A.* 40A:11–12 or *N.J.S.A.* 18A:18A–10 which even remotely suggests that a contractor giving a price solely to the State must make the same price available locally. Thus if either of those sections is used it can only be with the consent of the contractor when the purchase is made. On the other hand *N.J.S.A.* 52:25–16.1 permits the State and its contractors when making their contracts to agree upon a price for the local governments which will bind the contractor if it receives local orders. But the clear language of *N.J.S.A.* 52:25–16.1 requires that the local price be given ancillary to the state price.

We recognize, of course, that the record reflects other contracts under *N.J.S.A.* 52:25–16.1 have been bifurcated. In his report and recommendations Weltman indicated that materials submitted showed "... bifurcation of State and local awards had previously occurred with respect to radios, motor oil and

automotive parts." However this administrative practice cannot alter the plain language of *N.J.S.A.* 52:25–16.1 which requires that the local prices be included in a contract or contracts on behalf of the State. *See Gladden v. Pub. Emp. Retirem. Sys. Trustee Bd.,* 171 *N.J.Super.* 363, 374 (App.Div. 1979).

The attorney general relies in part on *N.J.S.A.* 52:25–16.2 which permits the director of the Division "on the written request of any political subdivision" to develop specifications, establish approved brand name lists and solicit bids for political subdivisions. This reliance, however, is misplaced for the fact is that the procedure in *N.J.S.A.* 52:25–16.2 was not used in this case. The State relied on *N.J.S.A.* 52:25–16.1 instead. Indeed the bids themselves were made on forms supplied by the State which stated: "Chapter 104, P.L. 1969, permits counties, municipalities and school districts to participate in any annual contract(s) that may be established as a result of this proposal." The bidders were then asked whether they agreed to extend their prices to the local governments. These references in the state forms clearly implemented *N.J.S.A.* 52:25–16.1. The reality is that the attorney general's reference to *N.J.S.A.* 52:25–16.2 is simply an after-the-fact attempt to justify an unlawful contract on the theory that the same result could have been reached by a different method. In the circumstances we hold that the bifurcation was illegal and consequently the awards for the vehicles to Rice and Holman must be canceled.

◼ The next question is whether Sea Breeze must be awarded the local contracts even though it was not low on that aspect of its bid. With respect to this we point out that the state forms literally asked for trouble. The State did not indicate that the state and local prices were to be uniform. Indeed the state forms invited the bidders to "List, in an attached letter, any special conditions applicable to sales to local governing bodies." In response to this instruction Sea Breeze excluded the 6% discount allowed the State and required C.O.D. terms.

Thus the State set up the possibility for a bidder to be low on the State contract but not low on its local bid, precisely what occurred here. We think this was an error on its part. Certainly if a local government uses *N.J.S.A.* 40A:11–12 or *N.J. S.A.* 18A:18A–10 to obtain a price, that price could only be the state price since those sections make reference only to contracts entered into on behalf of the State. *N.J.S.A.* 52:25–16.1 simply provides for advance extension of the state contract to local governments. We think it evident that the Legislature therefore intended that the same price be established for the state and local governments. As we view this case we therefore observe a situation in which Sea Breeze in justifiable reliance on misleading documents submitted differing state and local prices.

Notwithstanding the aforesaid we cannot compel the award of the contract to Sea Breeze for the local purchases. The fact is that Sea Breeze was not the low bidder on those items. It is certainly the intent of the Local Public Contracts Law and the Public School Contracts Law that contracts for materials, supplies and equipment be made to the lowest responsible bidder. *N.J.S.A.* 40A:11–6.1; *N.J.S.A.* 18A:18A–37. We therefore will not hold that the State must accept the Sea Breeze bid. We are buttressed in this result by the fact that *N.J.S.A.* 52:25–16.1 does not compel any award to be made for the local purchases. It simply permits the director of the Division to include a provision for local purchases in the state contract, an election the director has not made in this case. Rather he improperly awarded separate contracts for the local governments. But it does not follow from our invalidation of the separate local award that we should compel the director to include such an award in the state agreement.

We recognize, of course, that an award to Sea Breeze would bind no local government. If such a government was not satisfied with the price established on its behalf it could obtain prices in any other lawful way. Nevertheless we cannot authorize a contract that would permit a local government to pur-

chase at a higher price than that offered by another bidder. Thus notwithstanding our invalidation of the Rice and Holman awards, we will not compel the contracts for the local purchases to be awarded Sea Breeze.

The next issue we address is whether Sea Breeze should be held to its state contract. Sea Breeze contends that it should be given both the state and local awards or alternatively not be held to the state agreement. At oral argument it explained that the local award is in fact more significant than the state award since there could well be ten times or more local purchases under the state contract than purchases by the State itself. In its brief it asserts, "While SEA BREEZE indicated slightly different provisions with respect to the State, the law and the procedure involved and the documents with which he [*sic*] was confronted gave rise to a legitimate business expectation on his [*sic*] part that the contract would stand or fall in toto and not that it would be accepted with respect to state purchases and rejected with respect to local purchases."

We reject Sea Breeze's assertion that it should be relieved from the state contract for several reasons. Firstly we cannot agree that it could reasonably expect to be awarded either both or neither contracts. Sea Breeze submitted significantly different state and local prices. We do not think that its characterization of a 6% discount as a "slightly different" provision is reasonable. A 6% discount clearly is material and substantial. Sea Breeze should have foreseen the possibility of being low only on one bid. Just as the State invited that chance by its forms, Sea Breeze by its differential prices made it likely to happen. Secondly Sea Breeze made no attempt to condition its proposal to the State on its being awarded the local contract. While we recognize that Sea Breeze might have caused its bid to be rejected by the insertion of such a condition, nevertheless it was free to include the condition if it was adamant about an

all or nothing arrangement. Thirdly the record reflects that in some circumstances the State had bifurcated contracts under *N.J.S.A.* 52:25–16.1. While this procedure was improper it nevertheless created the possibility that Sea Breeze could be awarded only the state contract. Finally nothing in *N.J.S.A.* 52:25–16.1 indicates that a contract for both state and local purchases must be awarded. The section is permissive.

■ The final issue is the application of our decision. The Sea Breeze contract has been upheld and will be enforced. The Rice and Holman contract has been invalidated. We are aware, however, that Rice and Holman and various local governments have made contracts pursuant to the award to Rice and Holman. Obviously they were justified in relying on the state contract. Indeed we denied a stay of the award to Rice and Holman. Further orders for additional automobiles may well have been already made. While we now invalidate the agreement supporting these purchases there is no reason to believe they were in any way harmful to the public. Indeed since Rice and Holman was low on the local bids, the public may have been benefited by what has happened. We have invalidated the bifurcation procedure not because we think it unreasonable or unwise but rather because we find it to be unauthorized. Accordingly our decision with respect to Rice and Holman is to be prospective only. *See Jersey Shore, Etc. v. Estate of Baum,* 84 *N.J.* 137, 152 (1980). All contracts or orders made until this time shall, if otherwise lawful, be enforced and carried out notwithstanding this opinion. Rice and Holman shall not, however, accept further orders pursuant to the authority of the contracts invalidated by this decision. Of course we do not intend to interfere with the award of any contract pursuant to any other provision of law.

The determination of March 12, 1984 is affirmed in part and reversed in part in accordance with this decision.