203 N.J. Super. 264 (1985)
496 A.2d 733
YACENDA FOOD MANAGEMENT CORP., A NEW JERSEY CORPORATION, AND DAVID A. HELLMAN, PLAINTIFFS-APPELLANTS,
v.
NEW JERSEY HIGHWAY AUTHORITY, AND MARRIOTT CORPORATION, A DELAWARE CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1985.
Decided July 19, 1985.
*267 Before FRITZ, GAULKIN and LONG, JJ.
Robert J. Melillo argued the cause for appellants (Minish and Williams, attorneys; George J. Minish and Robert J. Melillo on the brief).
Philip R. Carlin argued the cause for respondent Marriott Corporation (Goldberg and Carlin, P.A. attorneys; Philip R. Carlin, on the brief).
Arthur Grossman argued the cause for respondent New Jersey Highway Authority (Fox and Fox, attorneys).
Daniel D. Caldwell argued the cause for amicus curiae New Jersey Turnpike Authority (Wolff & Samson, attorneys; David Samson and Daniel D. Caldwell, of counsel).
The opinion of the court was delivered by LONG, J.A.D.
On this appeal and cross-appeal we have been asked to decide whether the New Jersey Highway Authority (NJHA) is required to publicly bid for the restaurant operation services provided on the Garden State Parkway (the Parkway) which it administers. Our reading of N.J.S.A. 27:12B-14 constrains us to answer that question in the negative.
*268 The case arose in April of 1984 when NJHA passed a resolution awarding the contract for the operation of six Parkway restaurants to the Marriott Corporation (Marriott) without public bid. Thereafter, plaintiffs Yacenda Food Management Corp. (Yacenda) and David A. Hellman (Hellman) filed a verified complaint seeking to void the agreement between defendants NJHA and Marriott. The complaint, which named Hellman in his capacity as a "resident and taxpayer of the State of New Jersey" and "a patron of the Garden State Parkway and the restaurants thereon," sought a permanent injunction against the performance of the contract, a declaration that the contract is void as against public policy and an order compelling NJHA to publicly advertise for bids. A trial on the merits was held before the Honorable Richard S. Cohen, J.S.C., proceeding in a summary manner pursuant to R. 4:67-5. At the end of Yacenda's case, NJHA and Marriott moved to dismiss the complaint on three grounds: that Yacenda lacked standing to sue because it had a history of prior negotiations with NJHA in an effort to obtain the restaurant concessions without public bidding; that Hellman lacked standing to sue because he was nothing more than a "straw man" for Yacenda who had no individual interest in the outcome of the case, and that the suit was barred by the doctrine of laches because it was filed 31 days after the NJHA resolution was passed. Plaintiff's counsel resisted the motion only as to Hellman, acknowledging the estoppel as to Yacenda.
Judge Cohen ruled that Yacenda had standing to sue but was estopped by its prior conduct from questioning the legality of NJHA's contracting procedures. He found it "necessary" to confer standing on Hellman because a contrary decision would restrict standing to disappointed competitors who do not properly represent the public interest in matters such as this. He rejected defendant's "straw man" theory because taxpayer "[s]tanding itself is sufficient. Its use to front for someone else ought not ordinarily be a disqualification." As to laches, Judge Cohen ruled that Hellman acted with reasonable promptness. Accordingly he denied the motion to dismiss. The defendants *269 then presented their case. At the close of all evidence Judge Cohen was faced with these questions: whether the operation of restaurant facilities on the Garden State Parkway is required to be publicly bid and, if so, whether such restaurant facilities fall within the "professional service" or "public convenience" exceptions to the public bidding statute.
The bid statute, N.J.S.A. 27:12B-5.2, states in relevant part that:
[N]o contract on behalf of the authority shall be entered into for the doing of any work, or for the hiring of equipment or vehicles, where the sum to be expended exceeds the sum of $2,500.00 unless the authority shall first publicly advertise for bids therefor, and shall award the contract to the lowest responsible bidder ...
The act also provides a "professional service" exception:
... such advertising shall not be required where the contract to be entered into is one for the furnishing or performing of services of a professional nature....
The "public convenience" exception to the bid statute is found in the last paragraph of the Act:
This section shall not prevent the Authority from having any work done by its own employees, nor shall it apply to repairs, or the furnishing of materials, supplies or labor, or the hiring of equipment or vehicles, when the safety or protection of its or other public property or the public convenience require, or the exigency of the authority's service will not admit of such advertisement.
Judge Cohen ruled that the restaurant services sought by NJHA were of a professional nature. He found that the operation of fast food and other standardized restaurant facilities is a combination of sophisticated services requiring scientific knowledge and professional skill and that the planning of the facilities themselves, the selection of equipment, the determination of a standardized menu, the employment and training of personnel and the maintenance of a unique, recognizable and attractive image all call upon creativity, advanced academic training and sophisticated skills. Accordingly he held the "professional service" exception to the bidding statute to apply.
By contrast, Judge Cohen held the "public convenience" exception to the bidding statute to be inapplicable. He stated that the application of this exception should be saved for cases of greater urgency and public concern than the case at bar. *270 Accordingly, he dismissed the complaint. This appeal and related cross appeals ensued. Yacenda challenges Judge Cohen's ruling as to the applicability of the "professional service" exception; NJHA and Marriott challenge Judge Cohen's rulings as to the standing, estoppel and laches issues as applied to Hellman and as to the inapplicability of the "public convenience" exception. NJHA also claims that the contract is exempt from public bidding because it is a real estate contract.
We have carefully reviewed this record and find that the arguments raised by NJHA and Marriott as to the standing of Hellman and the applicability of the doctrines of laches and estoppel to his claims are lacking in merit. Clearly, as a taxpayer, Hellman had standing to sue. NJHA is "an instrumentality exercising public and essential governmental functions, and the exercise by the Authority of the powers conferred by this act in the construction, operation and maintenance of projects shall be deemed and held to be an essential governmental function of the State." N.J.S.A. 27:12B-4; see also City of East Orange v. Palmer, 52 N.J. 329, 335 (1968) (the NJHA is an agency of the State itself, created to achieve an important governmental aim). Moreover, the exercise of powers granted under the NJHA Act, N.J.S.A. 27:12B-1 et seq., is "in all respects for the benefit of the people of the State, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions...." N.J.S.A. 27:12B-16. Restaurants on the Parkway, although leased or licensed to a private operator, are operated by NJHA as part of its public service, as intended by the Legislature. Walter Reade, Inc. v. Dennis Tp., 36 N.J. 435, 439 (1962). Thus, the restaurants on the Parkway are operated for the benefit of taxpayers like Hellman, as an essential governmental function. These restaurants obtain a local property tax exemption as well. N.J.S.A. 27:12B-16; Walter Reade, 36 N.J. at 440-41; Bloomfield v. Div. of Tax Appeals, 84 N.J. Super. 19 (App.Div. 1964). Therefore, New Jersey taxpayers are supporting *271 NJHA's restaurant operations by making up for revenues unavailable to local taxing authorities. Moreover, taxpayers have traditionally had standing to challenge the unlawful award of a publicly bid contract. See Camden Plaza Parking v. City of Camden, 16 N.J. 150, 159 (1954); Warnock Ryan Leasing v. State, Dept. of Treasury, 194 N.J. Super. 11, 16 (App.Div. 1984). In order to exercise that right in a meaningful way, taxpayers must also have the right to challenge whether public bidding is required in a particular instance. Like Judge Cohen, we find "extraordinary" the argument that "in effect ... no member of the public has the power to get a court's attention on this [contract]." We agree and are well satisfied that Hellman, as a taxpayer, had standing to raise the important question of the need for public bidding of NJHA restaurant contracts. We also agree fully with Judge Cohen's conclusion that Hellman's private interest in the outcome of this litigation does not diminish his standing as a taxpayer. Warnock Ryan Leasing v. State, Dept. of Treasury, 194 N.J. Super. 11 (App.Div. 1984); KSB Technical Sales v. No. Jersey Dist. Water Supply, 150 N.J. Super. 533 (Ch.Div. 1977), mod. and aff'd 151 N.J. Super. 218 (App.Div. 1977), rev'd on other grounds 75 N.J. 272 (1977), app. dism. 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978). McQuillan, Municipal Corporations (3 ed. 1984), § 52.11 at 25-26.
We turn next to Hellman's claimed laches in bringing suit. The Supreme Court, in describing laches, has commented that a "[l]ong lapse of time, if unexplained, may create or justify a presumption against the existence or validity of plaintiff's right and in favor of the adverse right of defendant; or the presumption that if plaintiff was ever possessed of a right, it had been abandoned or waived...." Lavin v. Hackensack Bd. of Ed., 90 N.J. 145, 151 (1982) quoting Atlantic City v. Civil Service Commission, 3 N.J. Super. 57, 60 (App.Div. 1949). In our view Judge Cohen properly ruled that nothing in this case would rise to the level which would justify invocation of *272 the bar of laches against Hellman. There is sufficient credible evidence in this record to support Judge Cohen's finding that Hellman acted with reasonable promptness in bringing suit and that his failure to give notice of suit prior to May 11, 1984 did not bar this action. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-484 (1974).
We are satisfied that Judge Cohen was correct in his conclusion that bidding was unnecessary in the circumstances here present. In thus holding, we need not and so do not determine the correctness of his rulings on the applicability of the "professional service" and "public convenience" exceptions to the public bidding statute. Rather we affirm his decision to dismiss the complaint based upon our understanding of the provisions of N.J.S.A. 27:12B-14:
The Authority is hereby authorized to fix, revise, charge and collect tolls and charges for the use of each project and the different parts or sections thereof, and to contract with any person, partnership, association or corporation desiring the use of any part thereof, including the right-of-way adjoining a paved portion, for placing thereon telephone, telegraph, electric light or power line, gas stations, garages, stores, hotels, and restaurants, and to fix the terms and conditions rents and rates of charges for such use. [Emphasis added.]
We read this statute as authorizing the NJHA to negotiate contracts such as the one at issue here without regard to the public bidding act, N.J.S.A. 27:12B-5.2. This interpretation is consistent with Justice Weintraub's analysis in Walter Reade, supra. There he found that several provisions of the New Jersey Highway Authority Act showed that the Legislature had "amply provided" for "[t]he power of the Authority to contract for the operation of the restaurant facilities." 36 N.J. at 439. In deciding Walter Reade, Justice Weintraub made note of the potential effect of the outcome of the case on future "negotiations" between the NJHA and the restaurant operators. 36 N.J. at 440. The question presented here is whether the subsequent enactment of the bidding statute altered the NJHA's power to negotiate such contracts.
*273 The answer, we have concluded, is that it did not. In construing statutes a court must assume that the Legislature is thoroughly conversant with its own enactments and with the judicial construction placed on them. Quaremba v. Allan, 67 N.J. 1 (1975). In the context of this case, it is assumed then, that the Legislature knew of the provisions of N.J.S.A. 27:12B-14 at the time it enacted the bid statute in 1969, and that it was also aware of the language of the Supreme Court in Walter Reade which laid to rest any doubt as to the power of NJHA to negotiate contracts for restaurant services on the Parkway. In the face of this presumed knowledge it is telling to us that the Legislature made no effort to use language in the bid statute which would expressly require bidding in the restaurant services situation. Rather, the language of the bid statute delimits the scope of its coverage to contracts involving "the doing of any work, or for the hiring of equipment or vehicles...." We are satisfied that this language denotes a significantly different type of service from that which is the subject of N.J.S.A. 27:12B-14 which authorizes the NJHA to "contract ... for placing thereon ... restaurants ... and to fix the terms, conditions, rents and rates of charges for such use...." We do not view lease of public property for restaurant purposes with concomitant rate setting and payment to the public body as logically within the scope of the procurement procedure described in the bid statute which is limited to the doing of any work or the hiring of equipment or vehicles. Given its presumed knowledge of N.J.S.A. 27:12B-14 and the language of Walter Reade, the Legislature's failure to clearly and unequivocally include the services enumerated in N.J.S.A. 27:12B-14 within the bid statute is, to us, an indication that the Legislature intended those services to be exempt from bidding.
Moreover, as the amicus curiae, New Jersey Turnpike Authority, has pointed out, language identical to that contained in N.J.S.A. 27:12B-14 appears in the New Jersey Turnpike Authority Act, at N.J.S.A. 27:23-9. The Turnpike Act also *274 contains a later enacted "bid statute," N.J.S.A. 27:23-6.1. The Turnpike Authority has never submitted contracts for restaurant services to public bidding but has always negotiated those contracts, presumably in reliance on N.J.S.A. 27:23-9. We view this contemporaneous and practical interpretation by a sister agency of NJHA of a vertually identical statutory scheme, which interpretation has stood unchallenged for a considerable length of time, to be of "great importance in arriving at the proper construction of [the NJHA] statute." New Jersey Associates on Correction v. Lan, 80 N.J. 199, 215 (1979).
In sum, we are satisfied that if the Legislature had intended the rather significant result that the bid statute would eliminate, or curtail to the point of substantially eliminating, the established power of the NJHA to negotiate contracts under N.J.S.A. 27:12B-14, it would have clearly expressed its intention to do so. In the absence of such an unequivocal expression, the effect of applying the bid statute to a restaurant services contract would be to eliminate by implication the powers conferred on the NJHA by N.J.S.A. 27:12B-14. The doctrine of implied repeal is disfavored in our law unless the later expression of the legislative will is so clearly in conflict with the earlier statute that the two cannot reasonably stand together. The test is whether the laws are inconsistent or repugnant. Brewer v. Porch, 53 N.J. 167, 173 (1969). We do not view this as the situation in this case. As we have indicated, the subject matter of N.J.S.A. 27:12B-14 is sufficiently distinct from that governed by the bid statute that those acts can exist side by side without conflict. By holding, as we do here, that the bid statute does not apply to restaurant service contracts, we give effect to all expressions of the lawmakers' will. This is what should be done if at all possible. State v. Federanko, 26 N.J. 119, 129-130 (1958).
Affirmed.