SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**Dobco, Inc. v. Bergen County Improvement Authority** (A-18/19-21) (086079)

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Messano's opinion, published at 468 N.J. Super. 519 (App. Div. 2021).)**

**Argued March 29, 2022 -- Decided April 28, 2022**

**PER CURIAM**

The Court considers the Appellate Division's decision enjoining the Bergen County Improvement Authority (BCIA) from proceeding with the procurement process contemplated in its requests for qualification (RFQ) for a redeveloper to act as general contractor in the rehabilitation of the Bergen County Courthouse.

The BCIA's RFQ for the Courthouse Project explained that a selection committee would review and evaluate the proposals submitted and recommend a "short list" of no more than four redevelopment teams "to compete for a [r]edevelopment contract for the Project." The short list of respondents would then be invited to submit proposals in the second phase of the selection process.

Nine companies, including plaintiff Dobco, Inc., submitted proposals in response to the RFQ. The BCIA then notified four firms that they were selected to proceed, and it notified Dobco and the other firms not selected for the short list.

Dobco and plaintiff Hossam Ibrahim -- the vice president and a shareholder of Dobco, and a resident and taxpayer of Bergen County -- immediately filed separate, but essentially identical, complaints alleging that defendants' actions violated the Local Public Contracts Law (LPCL) and were arbitrary and capricious.

The trial court dismissed plaintiffs' complaints with prejudice for failure to state a claim, concluding that the project was "not subject to the LPCL because it has been designated a redevelopment project" under the Local Redevelopment and Housing Law (LRHL). The judge determined that plaintiffs were barred from seeking equitable relief because Dobco responded to the RFQ and Ibrahim had not challenged the procurement process or the RFQ prior to filing his complaint.

1

The Appellate Division affirmed the dismissal of Dobco's complaint, finding "that Dobco is estopped from now complaining that a process in which it willingly participated violated the law." 468 N.J. Super. 519, 534 (App. Div. 2021). In reaching that decision, the appellate court relied on Autotote, Ltd. v. New Jersey Sports & Exposition Authority, in which the Court held that "one cannot endeavor to take advantage of a contract to be awarded under illegal specifications and then, when unsuccessful, seek to have the contract set aside." Id. at 533-34 (quoting 85 N.J. 363, 369 (1981)). The Appellate Division, however, reversed as to Ibrahim, determining that he could proceed with his suit as a taxpayer and remanding to the trial court to enter an order permanently restraining the BCIA from proceeding with the procurement process contemplated by the RFQ. Id. at 536, 545.

In concluding that Ibrahim could challenge the bidding process as a taxpayer, the Appellate Division began by noting the "well-settled" principle that "taxpayers . . . have the right to challenge whether public bidding is required in a particular instance." Id. at 534 (quotation omitted). Stressing that "Ibrahim's additional personal stake in the litigation as a principal of Dobco does not diminish his standing as a taxpayer," ibid. (quotation omitted), the appellate court "reject[ed] BCIA's claim that the trial judge properly dismissed both complaints based on the doctrine of 'unclean hands,'" id. at 535. Notably, the Appellate Division found that Ibrahim "was under no obligation to disclose Dobco's response to the RFQ in his taxpayer complaint"; it also rejected the argument that Ibrahim's complaint should be dismissed because he was a "straw man" for the company. Ibid.

As to the merits of the appeal, the Appellate Division noted that the LCPL requires that contracts for goods or services above the bid threshold must "be awarded only by resolution of the governing body of the contracting unit to the lowest responsible bidder . . . except as provided otherwise in [the LPCL] or specifically by any other law." Id. at 539 (quoting N.J.S.A. 40A:11-4(a)). Stressing "[i]t is beyond debate that the LPCL requires a county improvement authority to publicly bid the hiring of a general contractor to rehabilitate its property if the contract exceeds the statutory bid threshold," id. at 540, the appellate court turned to the argument that certain provisions of the County Improvement Authorities Law (CIAL) and the LRHL "provide[] otherwise" and thus negate the requirements of N.J.S.A. 40A:11-4(a) in this case.

After reviewing the legislative history and text of the 1979 amendments to the CIAL, which granted certain redevelopment powers to county improvement authorities, the court noted that those powers were nevertheless "contained within the body of the existing CIAL," id. at 540-41, and "were made expressly 'subject to the provisions of this act,'" id. at 542 (quoting N.J.S.A. 40:37A-55.1). The Appellate Division "reject[ed] any implication that the use of the phrase 'this act' signals the Legislature's intention to set apart the newly enacted redevelopment

2

powers from other provisions of the CIAL, thereby eliminating the requirement that a county improvement authority comply with the LPCL when it acts as a redevelopment entity." Ibid. The court instead concluded that, "by its terms, the CIAL does not exempt county improvement authorities from complying with the LPCL when procuring 'goods and services' simply because they are acting pursuant to redevelopment powers granted by the Legislature." Id. at 543.

The appellate court likewise found that the LRHL did not exempt the BCIA from the procurement process specified in N.J.S.A. 40A:11-4(a). Id. at 543-45. The court noted that "N.J.S.A. 40A:12A-8(g) permits a redevelopment entity to 'lease or convey property or improvements to any other party . . . without public bidding,'" but observed that (1) "[n]o other section of the LRHL relieves a redevelopment entity from the strictures of the LPCL," and (2) "the arrangement anticipated in this case is [far] from a typical redeveloper agreement." Id. at 543-44.

The Court granted certification. 248 N.J. 518 (2021); 248 N.J. 552 (2021).

**HELD:** The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Messano's published opinion. The Court requires that, going forward, a plaintiff claiming taxpayer standing in an action challenging the process used to award a public contract for goods or services must file a certification with the complaint. As to the merits of this appeal, the Court departs from the Appellate Division's decision in only one respect: the Court does not rely on the leasing and financing arrangements contemplated by the BCIA and defendant County of Bergen.

1. The Court agrees with the Appellate Division that (1) Ibrahim's affiliation with Dobco does not negate his individual taxpayer standing to assert his claims; (2) the trial court erred when it dismissed Ibrahim's complaint based on the equitable doctrine of unclean hands; and (3) although Dobco is equitably estopped from challenging the procedure used by BCIA to select a redeveloper pursuant to Autotote, that decision does not bar Ibrahim from bringing an individual action seeking injunctive and declaratory relief. Nothing in the record justifies piercing the corporate veil and treating Ibrahim as the alter ego of Dobco in the circumstances of this case, and Ibrahim's claims were properly presented to the trial court. (pp. 3-5)

2. The principle stated in Autotote would be undermined if an unsuccessful applicant estopped under Autotote were to circumvent that decision by arranging for its claims to be asserted by a principal, officer, employee, or other individual with taxpayer standing. The Court therefore holds that, in future cases, a plaintiff claiming taxpayer standing in an action challenging the process used to award a public contract for goods or services must file a certification with the complaint stating that (1) the plaintiff is acting independently of, and not taking direction from,

3

any applicant that participated in the process challenged in the action; and (2) the plaintiff is personally paying the legal fees and costs incurred in prosecuting the action, without reimbursement by an unsuccessful applicant. If the plaintiff fails to submit the certification, the court should dismiss the plaintiff's claims. (pp. 5-6)

3. With respect to the merits of this appeal, the Court concurs with the Appellate Division that the BCIA was required to comply with the public bidding requirements of N.J.S.A. 40A:11-4(a), a provision of the LPCL, for this project. The Court agrees that the CIAL requires compliance with the LPCL's public bidding provision in the setting of this appeal. And there is no evidence in the LRHL that the Legislature intended to create an exception to that requirement when, as here, a county improvement authority acts as a redevelopment entity and contracts with a redeveloper pursuant to N.J.S.A. 40A:12A-8(f). Indeed, the Legislature's decision to permit a redevelopment entity to "lease or convey property or improvements to any other party . . . without public bidding" in N.J.S.A. 40A:12A-8(g) underscores the absence of similar language in N.J.S.A. 40A:12A-8(f), one of the core provisions governing this appeal. Nothing in the LRHL's provisions in effect at the time of the RFQ suggests that a county improvement authority acting as a redevelopment entity need not comply with N.J.S.A. 40A:11-4(a)'s public bidding requirement. (pp. 6-8)

4. In determining that public bidding was required in the selection of the redeveloper for the Bergen County Courthouse project, the Court departs from the Appellate Division decision by declining to rely on the leasing and financing arrangements contemplated by the BCIA and defendant County of Bergen. See 468 N.J. Super. at 544-45. The Court's resolution of this appeal does not require determination of whether those leasing and financing arrangements comply with the LRHL and other relevant statutes, and the Court declines to reach that issue. (p. 8)

**AFFIRMED.**

**JUSTICE ALBIN** concurs with the majority's determination of the merits of this appeal and with the imposition of a certification requirement. Justice Albin dissents, however, from the majority's holding that Ibrahim is not estopped from challenging the selection process. Stressing that standing does not give Ibrahim license to violate principles of equity, Justice Albin disagrees that a company's vice president and shareholder should be allowed to do what the company cannot -- even though the company can act only through its officers.

**CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, and PIERRE-LOUIS; and JUDGE FUENTES (temporarily assigned) join in this opinion. JUSTICE ALBIN filed a separate opinion, dissenting in part and concurring in part.**

4

# SUPREME COURT OF NEW JERSEY
## A-18/19 September Term 2021
## 086079

Dobco, Inc.,

Plaintiff-Respondent,

v.

Bergen County Improvement Authority and
County of Bergen,

Defendants-Appellants.

_____

Hossam Ibrahim,

Plaintiff-Respondent,

v.

Bergen County Improvement Authority and
County of Bergen,

Defendants-Appellants.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
468 N.J. Super. 519 (App. Div. 2021).

| Argued | Decided |
|---|---|
| March 29, 2022 | April 28, 2022 |

Mary Anne Groh argued the cause for appellant Bergen
County Improvement Authority (Cleary Giacobbe Alfieri

Jacobs, attorneys; Mary Anne Groh, of counsel and on the briefs).

Leslie G. London argued the cause for appellant County of Bergen (McManimon, Scotland & Baumann, attorneys; Leslie G. London, on the briefs).

Greg Trif argued the cause for respondents Dobco, Inc. and Hossam Ibrahim (Trif & Modugno, attorneys; Greg Trif and Kyle H. Cassidy, of counsel and on the brief).

Maeve E. Cannon submitted a brief on behalf of amicus curiae Associated Builders and Contractors – New Jersey Chapter (Stevens & Lee, attorneys; Maeve E. Cannon and Patrick D. Kennedy, of counsel and on the brief, and Michael A. Cedrone, on the brief).

PER CURIAM

We affirm the judgment of the Superior Court, Appellate Division substantially for the reasons stated in Judge Messano's comprehensive opinion, reported at 468 N.J. Super. 519 (App. Div. 2021). We concur with the Appellate Division's decision enjoining the Bergen County Improvement Authority (BCIA) from proceeding with the procurement process contemplated in its requests for qualification (RFQ) for a redeveloper to act as general contractor in the rehabilitation of the Bergen County Courthouse. Dobco v. Bergen Cnty. Improvement Auth., 468 N.J. Super. at 538-45. We add the following comments.

2

The Appellate Division reversed the trial court's decision dismissing the individual claims brought by plaintiff Hossam Ibrahim, who is Vice President of plaintiff Dobco, Inc. and one of the principals of that corporation. As the Appellate Division determined, Ibrahim has standing as a taxpayer to challenge the procedure that BCIA used to select the redeveloper for the Bergen County Courthouse rehabilitation project. Id. at 534-35 (citing Camden Parking Plaza, Inc. v. City of Camden, 16 N.J. 150, 158-59 (1954); Yacenda Food Mgmt. Corp. v. N.J. Highway Auth., 203 N.J. Super. 264, 271 (App. Div. 1985)). We agree with the Appellate Division that Ibrahim's affiliation with Dobco does not negate his individual taxpayer standing to assert his claims. See, e.g., Warnock Ryan Leasing, Inc. v. Dep't of Treasury, 194 N.J. Super. 11, 16 (App. Div. 1984) (holding that a principal of a corporation that participated in a disputed bidding process has taxpayer standing to challenge that process notwithstanding his affiliation with the corporation).

Further, we share the Appellate Division's view that the trial court erred when it dismissed Ibrahim's complaint based on the equitable doctrine of unclean hands. Dobco, 468 N.J. Super. at 535. Under that doctrine, "[a] suitor in equity must come into court with clean hands and he must keep them clean after his entry and throughout the proceedings." Am. Dream at Marlboro,

3

L.L.C. v. Plan. Bd. of Marlboro, 209 N.J. 161, 170 (2012) (alteration in original) (quoting Borough of Princeton v. Bd. of Chosen Freeholders of Mercer, 169 N.J. 135, 158 (2001)); see also Faustin v. Lewis, 85 N.J. 507, 511 (1981) ("[A] court should not grant relief to one who is a wrongdoer with respect to the subject matter in suit."). We do not view the deficiency identified by the trial court -- Ibrahim's failure to state in his individual complaint that Dobco had unsuccessfully applied to be the redeveloper for the Bergen County Courthouse project -- to constitute wrongdoing warranting the application of the doctrine of unclean hands. No court rule or case law required the individual plaintiff to address in his factual allegations Dobco's involvement in BCIA's process to select the redeveloper.

We also concur with the Appellate Division that although Dobco is equitably estopped from challenging the procedure used by BCIA to select a redeveloper pursuant to our decision in Autotote, Ltd. v. New Jersey Sports & Exposition Authority, 85 N.J. 363, 368-69 (1981), that decision does not bar Ibrahim from bringing an individual action seeking injunctive and declaratory relief. Dobco, 468 N.J. Super. at 532-36. Under Autotote, "a party is estopped from challenging the award of a contract which it actively sought through the same procedures it now attacks." 85 N.J. at 369. Here, it was Dobco -- not Ibrahim -- that sought to be selected as the redeveloper for the Bergen County

4

Courthouse project and participated in the process disputed in this appeal. Dobco, 468 N.J. Super. at 530. In our view, nothing in the record justifies piercing the corporate veil and treating Ibrahim as the alter ego of Dobco in the circumstances of this case. See Richard A. Pulaski Constr. Co. v. Air Frame Hangars, Inc., 195 N.J. 457, 472 (2008) (reiterating "the fundamental propositions that a corporation is a separate entity from its shareholders, and that a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise," and stating that "[e]xcept in cases of fraud, injustice, or the like, courts will not pierce a corporate veil" (alteration in original) (quoting Dep't of Env't Prot. v. Ventron Corp., 94 N.J. 473, 500 (1983))).

Accordingly, Ibrahim is not equitably estopped under Autotote from bringing his individual action. The Appellate Division correctly ruled that his individual claims were properly presented to the trial court.

Nonetheless, we recognize that the principle stated in Autotote would be undermined if an unsuccessful applicant estopped under Autotote were to circumvent that decision by arranging for its claims to be asserted by a principal, officer, employee, or other individual with taxpayer standing. To address that concern, we hold that a plaintiff claiming taxpayer standing in an action challenging the process used to award a public contract for goods or

5

services must file a certification with the complaint. That certification should state that (1) the plaintiff is acting independently of, and not taking direction from, any applicant that participated in the process challenged in the action; and (2) the plaintiff is personally paying the legal fees and costs incurred in prosecuting the action, without reimbursement by an unsuccessful applicant. If the plaintiff fails to submit the certification, the trial court should dismiss the plaintiff's claims.

Because the requirement to submit a certification is a new legal rule, it shall apply only to future cases. See, e.g., State v. Witt, 223 N.J. 409, 451 (2015). In this appeal, the Appellate Division properly declined to bar Ibrahim's individual claim.

With respect to the merits of this appeal, we concur with the Appellate Division that the BCIA was required to comply with the public bidding requirements of N.J.S.A. 40A:11-4(a), a provision of the Local Public Contracts Law (LPCL), when it selected a redeveloper for the Bergen County Courthouse project. See Dobco, 468 N.J. Super. at 538-45. As did the Appellate Division, we disagree with defendants' argument that the selection of the redeveloper was exempt from the LPCL by provisions of the County Improvement Authorities Law (CIAL), N.J.S.A. 40:37A-44 to -135, and the

Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12-1 to -89. See id. at 540-45.

By its plain terms, the CIAL requires a county improvement authority such as the BCIA to comply with the LPCL when it exercises its power "[t]o enter into any and all agreements or contracts, execute any and all instruments, and do and perform any and all acts or things necessary, convenient or desirable for the purposes of the authority or to carry out any power expressly given in this act." N.J.S.A. 40:37A-55(t). In a 1979 amendment to the CIAL, the Legislature granted county improvement authorities a range of redevelopment powers, but those powers were expressly made "subject to the provisions of this act." N.J.S.A. 40:37A-55.1. The CIAL thus requires compliance with the LPCL's public bidding provision in the setting of this appeal.

Like the Appellate Division, we find no evidence in the LRHL that the Legislature intended to create an exception to the CIAL's mandate to comply with the LPCL when, as here, a county improvement authority acts as a redevelopment entity and contracts with a redeveloper pursuant to N.J.S.A. 40A:12A-8(f). See Dobco, 468 N.J. Super. at 543-44. Indeed, the Legislature's decision to permit a redevelopment entity to "lease or convey property or improvements to any other party . . . without public bidding" in

7

N.J.S.A. 40A:12A-8(g) underscores the absence of similar language in N.J.S.A. 40A:12A-8(f), one of the core provisions governing this appeal. See ibid. Nothing in the LRHL's provisions in effect at the time of the RFQ suggests that a county improvement authority acting as a redevelopment entity need not comply with N.J.S.A. 40A:11-4(a)'s public bidding requirement.

In short, we share the Appellate Division's assessment of the Legislature's intent in enacting the governing statutes, and its conclusion that the BCIA was required to conduct public bidding in accordance with N.J.S.A. 40A:11-4(a) in the selection of the redeveloper for the Bergen County Courthouse project.

We depart from the Appellate Division's decision on the merits of this appeal in only one respect. In reaching our determination that public bidding was required in the selection of the redeveloper for the Bergen County Courthouse project, we do not rely on the leasing and financing arrangements contemplated by the BCIA and defendant County of Bergen. See id. at 544-45. Our resolution of this appeal does not require that we determine whether those leasing and financing arrangements comply with the LRHL and other relevant statutes, and we decline to reach that issue.

8

CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, and PIERRE-LOUIS; and JUDGE FUENTES (temporarily assigned) join in this opinion. JUSTICE ALBIN filed a separate opinion, dissenting in part and concurring in part.

Dobco, Inc.,

Plaintiff-Respondent,

v.

Bergen County Improvement Authority and
County of Bergen,

Defendants-Appellants.
_____

Hossam Ibrahim,

Plaintiff-Respondent,

v.

Bergen County Improvement Authority and
County of Bergen,

Defendants-Appellants.

JUSTICE ALBIN, dissenting in part and concurring in part.

I.

Hossam Ibrahim is the vice president and a shareholder of Dobco, Inc., a construction company. Dobco submitted a proposal to be chosen as the redeveloper for a major construction project on the Bergen County Justice Complex. Neither Dobco nor Ibrahim filed any official challenge to the selection process. Only after Dobco's proposal was rejected as a potential

1

redeveloper -- after it played and lost the redevelopment game -- did Dobco and Ibrahim attack the rules of the game.

In a two-prong approach, Dobco and Ibrahim filed separate but parallel complaints in the Superior Court against the Bergen County Improvement Authority (BCIA) and Bergen County. Both Dobco and Ibrahim claimed that the selection process for the redeveloper of the Justice Complex project did not comply with the public bidding requirements of the Local Public Contracts Law, N.J.S.A. 40A:11-1 to -60.

Ibrahim certified the allegations in Dobco's complaint as Dobco's vice president. He also averred the allegations in his individual complaint as a Bergen County taxpayer. Dobco paid the legal expenses for this synchronized litigation. No one disputes that Dobco, based on principles of equity, is estopped from challenging the selection process in which it participated. Dobco had unclean hands and therefore could not be the standard bearer for demanding compliance with the Local Public Contracts Law's bidding requirement. See Autotote Ltd. v. N.J. Sports & Exposition Auth., 85 N.J. 363, 369 (1981).

But can Ibrahim, Dobco's vice president -- Dobco's doppelganger and alter ego -- now, in his guise as a taxpayer, carry the flag for Dobco? The majority says, yes, in his freshly minted status as taxpayer. Unlike the

2

majority, I do not believe that equity requires that we shield our eyes to the real party in interest -- that we ignore that Ibrahim's motives and interests are inextricably tied to the company he serves. See Untermann v. Untermann, 19 N.J. 507, 518 (1955) ("Justice and equity do not require an equity court to act in a factual vacuum."). Ibrahim is not a citizen knight righting wrongs for the taxpayers of Bergen County, but a shill for Dobco.

I agree that Ibrahim has standing to challenge BCIA's selection process; but standing does not give him license to violate principles of equity. A litigant seeking "equity must come into court with clean hands." A. Hollander & Son, Inc. v. Imperial Fur Blending Corp., 2 N.J. 235, 246 (1949). This is not an issue of piercing the corporate veil. Ibrahim is not hiding behind a veil. He has set foot in a courthouse seeking affirmative relief and invoked the judicial process to make a sham of the rules governing the selection process. See Newell v. Hudson, 376 N.J. Super. 29, 38 (App. Div. 2005) (holding that equity serves "to protect the integrity of the judicial system" and "prevent litigants from 'playing fast and loose with the courts'" (quoting Tamburelli Props. Ass'n v. Borough of Cresskill, 308 N.J. Super. 326, 335 (App. Div. 1998))). His status as a taxpayer does not cleanse him of his role as an agent of Dobco.

3

When a company like Dobco fully participates in the procedure for awarding a contract without public bidding, equity bars it from challenging the procedure after it comes out on the losing end.  See Autotote, 85 N.J. at 369 ("[A] party is estopped from challenging the award of a contract which it actively sought through the same procedures it now attacks.").  The majority, however, says that the company's vice president and shareholder can do what the company cannot -- even though the company can act only through its officers.  See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 761 (1989) ("[A] corporation is an artificial entity that lacks the ability to function except through the actions of its officers, directors, agents, and servants."  (citing Templeton v. Scudder, 16 N.J. Super. 576, 582 (App. Div. 1951))).  The majority has endorsed a formula where Dobco wins if it wins and wins if loses.  That is not a formula that stands the test of equity.

I therefore respectfully dissent from the majority's holding that Ibrahim is not estopped from challenging the selection process.

## II.

Although Ibrahim should be estopped from challenging the selection process because he is indistinguishable from Dobco, I nevertheless believe that this appeal presents an "issue . . . of substantial public importance," and I would therefore address its merits.  See Autotote, 85 N.J. at 369.

4

Governmental entities and contractors must know that end-runs around the Local Public Contracts Law are not permissible or enforceable.

I concur with the majority that a redevelopment entity acting pursuant to the Local Housing and Redevelopment Law, N.J.S.A. 40A:12A-1 to -89, must comply with the Local Public Contracts Law when it uses taxpayer funds to pay a contractor or redeveloper "for the provision or performance of any goods or services," N.J.S.A. 40A:11-4. <u>Ante</u> at ___ (slip op. at 6-8).

I also agree with the Court's certification requirement, which will prevent parties, including corporate officers, from circumventing our holding in <u>Autotote</u>, as occurred here. <u>Ante</u> at ___ (slip op. at 5-6).

Consequently, I respectfully dissent in part from and concur in part with the Court's decision.