114 N.J. Super. 318 (1971)
276 A.2d 182
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
CURTIS HOWARD BLINSINGER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1971.
Decided April 5, 1971.
*319 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. I. Michael Heine, Assistant Prosecutor, argued the cause for appellant (Mr. A. Donald Bigley, Camden County Prosecutor, attorney).
Mr. James G. Aiken argued the cause for respondent (Messrs. Aiken and Lake, attorneys).
The opinion of the court was delivered by MATTHEWS, J.A.D.
On October 22, 1937 defendant entered a guilty plea to an accusation charging him with breaking and entering the pro-shop of the Tavistock Country Club with intent to steal. He was given a suspended sentence and placed on probation for three years. On April 14, 1959, 21 1/2 years later, defendant was found guilty of simple assault and battery, a violation of N.J.S.A. 2A:170-26, a disorderly persons offense, in Camden Township. The conviction under the Disorderly Persons Act was expunged in a proceeding in the Camden County Court under *320 the provisions of N.J.S.A. 2A:169-11. Judgment of expungement was entered in June of 1969.
On August 8, 1969 defendant instituted a proceeding under N.J.S.A. 2A:164-28, seeking to have his original breaking and entering conviction expunged. The Camden County Court granted him the relief requested and the State has appealed.
The State first argues that the subsequent "conviction" of defendant of simple assault and battery bars the expungement of the prior conviction for breaking and entering. The pertinent portion of N.J.S.A. 2A:164-28 reads as follows:
In all cases wherein a criminal conviction has been entered against any person whereon sentence was suspended, or a fine imposed of not more than $1,000, and no subsequent conviction has been entered against such person, it shall be lawful after the lapse of 10 years from the date of such conviction for the person so convicted to present a duly verified petition to the court wherein such conviction was entered, setting forth all the facts in the matter and praying for the relief provided for in this section. [Emphasis added]
It is the State's position that the reference to a "subsequent conviction" in this section refers to any type of conviction, whether it be criminal or disorderly. The State also argues that the fact that the assault and battery conviction was later expunged should make no difference since there was at some time a "subsequent conviction." We find it unnecessary to rule on this second argument in view of our conclusion hereinafter reached, and also because the argument was not raised before the court below.
The provisions of N.J.S.A. 2A:164-28 are operative only in the case of a "criminal conviction." We hold that the reference to a "subsequent conviction" must be construed in pari materia, with the phrase "criminal conviction" contained in the paragraph. Accordingly, only a subsequent criminal conviction should bar an expungement of the record. Violations of the Disorderly Persons Act are not usually considered to be crimes. They are not admissible, *321 for example, to affect the credibility of a witness. See e.g., State v. Block, 119 N.J.L. 277, 282 (Sup. Ct. 1938); State v. Tune, 17 N.J. 100, 109-111 (1954).
We also deem it significant that the Legislature, in enacting N.J.S.A. 2A:169-11 (L. 1968, c. 279, § 1), the statute permitting expungement of a disorderly persons record, saw fit to refer to both criminal and disorderly person convictions. That statute, under which defendant's 1959 disorderly conviction was properly expunged, reads in part:
In all cases wherein a person has been adjudged a disorderly person whereon sentence was suspended or a fine imposed and no subsequent criminal or disorderly person conviction has been entered against such person, it shall be lawful after the lapse of 5 years from the date of such conviction for the person so adjudged a disorderly person to present a duly verified petition to the County Court of the county in which the conviction was entered, setting forth all the facts in the matter and praying for the relief provided for in this act.
The State also contends that defendant's 1937 conviction for breaking and entering cannot be expunged in any event, because breaking and entering with intent to steal is the equivalent of burglary. We disagree.
N.J.S.A. 2A:164-28 excepts convictions for certain crimes, including burglary, from its provisions. At common law, burglary was the breaking and entering of the dwelling of another in the nighttime with intent to commit a felony. Perkins Criminal Law, (2 ed. 1969), c. 3 at 212.
There is nothing in the legislative history to guide us in the construction of this statute. We observe, however, that under the provisions of our murder statute, N.J.S.A. 2A:113-1 and 2, the reference to the word "burglary" therein has been construed by our courts to mean common-law burglary. See State v. Butler, 27 N.J. 560 (1958); State v. Burrell, 120 N.J.L. 277 (E. & A. 1938); State v. Hauptmann, 115 N.J.L. 412 (E. & A. 1935), cert. den. 296 U.S. 649, 56 S.Ct. 310, 80 L.Ed. 461 (1935).
*322 We agree with the conclusion of the trial judge that if the members of the Legislature meant and used the term burglary to include breaking and entering, they would have included the term breaking and entering in the statute. We see no significance in the fact that the chapter heading in the revised statutes refers to "Burglary and Like Crimes." The provisions of N.J.S.A. 1:1-6 prohibits the use of headings or footnotes in construing any statutes, specifically providing that "in the construction of the Revised Statutes, or of any statute or any part thereof, no outline or analysis of the contents of any title, subtitle, chapter, article or other part thereof, no cross reference or cross reference note and no headnote or source note to any section thereof shall be deemed to be a part of the Revised Statutes or such statute."
The judgment of the trial court is affirmed.