STATE OF NEW JERSEY, PLAINTIFF, v. B.C., DEFENDANT.

Superior Court of New Jersey
Law Division Passaic County

Decided February 17, 1989.

*John A. Montecuollo* for petitioner.

*Steven Braun,* Assistant Prosecutor, for the State (*Ronald S. Fava,* Passaic County Prosecutor).

MARTIN, J.S.C.

The focus of the within opinion is whether the New Jersey expungement statute, more specifically, *N.J.S.A.* 2C:52–14f, serves as a bar to the expungement of a subsequent offense where diversionary treatment was granted as a result of a disorderly persons violation.

On September 9, 1972, petitioner, B.C., was arrested in the City of Clifton and charged with being under the influence of a CDS in violation of *N.J.S.A.* 24:21–20 b, a disorderly persons offense (hereinafter referred to as d.p.). On December 11, 1973, petitioner pleaded guilty to this offense and was sentenced to a one-year diversionary treatment program. After successful completion of the supervisory term the matter was dismissed on March 1, 1974.

On August 18, 1973, petitioner was arrested in Nutley and charged with possession of marijuana, less than 25g., in violation of *N.J.S.A.* 24:21–20a(3), a disorderly person. On Decem-

ber 17, 1973, he pleaded guilty to the charge and received a six month suspended sentence, one year probation and a $25 fine [1].

Subsequently, on June 19, 1974, petitioner was again arrested in Clifton for possession of marijuana, less than 25g., in violation of *N.J.S.A.* 24:21–20a(3), a disorderly person. Again, he pleaded guilty and was sentenced to one year probation and a fine of $100. It is this offense on which the opinion is focused.

On November 16, 1983, B.C.'s attorney filed a petition before this court for expungement of his two Clifton violations. His attorney simultaneously filed an application for the expungement of his Nutley offense in Essex County.

Although not an issue in the instant case, it is worthy to note that the request in Essex County was granted by the Hon. Paul Thompson, J.S.C., and a formal order entered on December 2, 1988. Apparently there were no objections to the expungement of the Nutley matter by the Essex County Prosecutor, State Police, or Attorney General despite the exact same factual scenario as in the case at bar.

Following the filing of his petition in Passaic County a Dec. 23, 1988, hearing date was assigned. Prior to this date the Prosecutor filed an objection to the requested relief. He based his objection on *N.J.S.A.* 2C:52–14f, specifically the portion of the statute that addresses supervisory treatment. Briefs were submitted by both parties and the matter was marked for final disposition on February 17, 1989.

The statute under consideration reads in pertinent part:

A petition for expungement may be denied when ...

f. The person seeking the relief of expungement of a conviction for a disorderly persons, petty disorderly persons, or criminal offense has prior to or subsequent to said conviction been granted the dismissal of *criminal charges* following completion of a supervised treatment or other diversionary program. (Emphasis added).

---

[1] There has been no explanation offered to indicate why Mr. C. was not terminated as a result of the subsequent 1973 offense which occurred during the diversionary program.

The State submits that the term "criminal charges" as utilized in *N.J.S.A.* 2C:52–14f, is a generic term and does not differentiate a degreed crime from a d.p. violation. As such, the Prosecutor argues that once supervisory treatment has been granted, whether the result of a disorderly persons or degreed crime, any subsequent expungement application must be denied. This reading of the statute would serve as an absolute bar to the relief requested by Mr. C.

Conversely, petitioner's attorney argues that the term "criminal charge" was not intended by the legislature to encompass a d.p. offense, or a petty disorderly persons (hereinafter referred to as p.d.p.). In support of his theory he states that had the legislature designed section f to cover all "criminal acts" they would not have delineated d.p.'s, p.d.p.'s and criminal offenses in the statute at issue and culminated the operative language with *criminal charge* as the limiting precursor.

New Jersey courts have consistently held that a "disorderly persons is deemed to be a 'petty offense,' rather than a 'crime' within the provisions of our State Constitution." [2] *State v. Owens,* 54 *N.J.* 153, 157 (1969). A d.p. is generally not admissable for the purpose of impeaching the credibility of a witness. *State v. Tune,* 17 *N.J.* 100, 109–111 (1954); *State v. Blinsinger,* 114 *N.J.Super.* 318, 320 (App.Div.1971).

In *Blinsinger,* the court was petitioned to decide whether a d.p. offense should constitute a "criminal conviction" under the then applicable New Jersey expungement statute (Title 2A). The facts of the case are as follows:

On October 22, 1937, defendant entered a guilty plea to an accusation charging him with breaking and entering. He was

---

[2] In *State v. Kates,* 185 *N.J.Super* 226, 227–228 (Law Div.1982), the court held that the term "offense" can refer to a d.p., p.d.p. or a crime. The case is distinguishable from the case at bar. In *Kates* the term defined was "offense" not "charge." Also, the factual setting of *Kates* was not an expungement petition, but sentencing parameters as they relate to d.p. offenses.

given a suspended sentence and placed on probation for three years. Two and one half years later defendant was again arrested and found guilty of simple assault, a d.p. The latter conviction was expunged in June 1969. *Id.* at 319.

On August 8, 1969, defendant then instituted proceedings to have his first arrest and conviction expunged. Like the instant case, the State argued that under a literal reading of the statute the subsequent disorderly persons conviction barred the requested relief. *Id.* at 319.

The Court held, predicated on statutory construction, that only a subsequent "criminal conviction" could bar the expungement of a record. In its interpretation of "criminal conviction" they stated that a disorderly persons did not constitute a "criminal conviction" to the extent that it would deprive someone of the right to an expungement. *Id.* at 320. The same rationale applies in the instant matter. We cannot consider the term criminal charge as set forth in *N.J.S.A.* 2C:52–14(f) to be inclusive of a d.p. or a p.d.p.

In reaching this conclusion it is deemed significant that the legislature in enacting the within statute specifically differentiated between a d.p., p.d.p. and a criminal charge in setting forth the grounds for denial of relief. Section f clearly states: "The person seeking the relief of a conviction for a d.p., p.d.p. or criminal charge has prior to or subsequent to said conviction been granted the dismissal of *criminal charges* following completion of a diversionary program." The legislature makes a clear distinction between d.p.'s and criminal charges.

Our courts have consistently held that 'where phraseology is precise and unambiguous there is no room for interpretation or for resort to extrinsic material.' *Szabo v. Fireman's Assn.*, 230 *N.J.Super.* 265, 281 (Ch.Div.1989), citing *Vreeland v. Byrne*, 72 *N.J.* 292, 302 (1977). However, were there some confusion the court would look to *N.J.S.A.* 2C:1–4 entitled *"Classes of offenses"* for clarification. Section B of *N.J.S.A.* 2C:1–4 states:

An offense is a disorderly persons offense if it is so designated in this code *or in a statute* other than this code. Disorderly persons and petty disorderly

persons are petty offenses and not crimes within the meaning of the Constitution of this State. There shall be no right to indictment by a grand jury nor any right to trial by jury on such offenses. Conviction of such offenses shall not give rise to any disability or legal disadvantage based on conviction of a crime. [Emphasis added.]

Statutes *in pari materia* are to be construed together when helpful in resolving doubts and ascertaining the legislative intent. *State v. Cacamis*, 230 *N.J.Super.* 1 (App.Div.1988), citing *State v. Green*, 62 *N.J.* 547, 554–555 (1973). *N.J.S.A.* 2C:1–4b makes specific reference to the other sections of the criminal justice code and the correct means of reviewing a d.p. or a p.d.p. in interpreting such criminal statutes, and is to be read *in pari materia* with *N.J.S.A.* 2C:52–14f, thereby providing support to the position that a d.p. is not a criminal charge within the parameters of *N.J.S.A.* 2C:52–14f. Moreover, the applicable section further points out that a "disorderly persons should not give rise to any legal disability or disadvantage based on the conviction of a crime." In the instant case such a disadvantage would result contrary to the intentions of the Legislature if "criminal charge" were construed to include a d.p..

Petitioner's request for expungement of his 1974 Clifton conviction is granted for the reasons stated.