666 A.2d 209

IN THE MATTER OF THE PETITION OF ANTHONY PODIAS.

Superior Court of New Jersey
Appellate Division

Argued October 12, 1995—Decided November 2, 1995.

Before Judges STERN and NEWMAN.

*Glen J. Vida* argued the cause for petitioner-appellant (*Vida & Rubino,* attorneys; *Mr. Vida,* on the brief).

*Debra G. Lynch,* Assistant Essex County Prosecutor, argued the cause for respondent State of New Jersey (*Clifford J. Minor,* Essex County Prosecutor, attorney; *Ms. Lynch,* of counsel and on the letter brief).

PER CURIAM.

This is an appeal from an order entered on April 4, 1995 denying a petition for expungement of disorderly persons (DP) convictions.

Petitioner was convicted of a DP offense in Jersey City and a DP offense in Irvington in 1984. He petitioned to expunge those DP convictions in 1994. However, after he was convicted of the DP offenses, he was charged with an indictable offense for which he was enrolled into a pretrial intervention program (PTI).[1] After successful completion of the PTI program, the record of that arrest and disposition was expunged by order of December 18, 1987. Judge Martin L. Greenberg held that the PTI disposition barred the subsequent petition to expunge the DP convictions in light of *N.J.S.A.* 2C:52–14f.

*N.J.S.A.* 2C:52–14f provides that there can be no expungement when

[t]he person seeking the relief of expungement of a conviction for a disorderly persons, petty disorderly persons, or criminal offense has prior to or subsequent to said conviction been granted the dismissal of criminal charges following completion of a supervisory treatment or other diversion program.

Defendant argues that *N.J.S.A.* 2C:52–14f poses no bar in this case because, by virtue of the PTI expungement, the prior matter resulting in supervisory treatment or diversion does not exist. He relies on *N.J.S.A.* 2C:52–27 which provides in pertinent part:

Effect of Expungement. Unless otherwise provided by law, if an order of expungement is granted, the arrest, conviction and any proceedings related thereto shall be deemed not to have occurred, and the petitioner may answer any questions relating to their occurrence accordingly, except as follows:

a. The fact of an expungement, sealing or similar relief shall be disclosed as provided in section 2C:52–8b.

*N.J.S.A.* 2C:52–8b relates only to applications to expunge "criminal convictions." It provides that a petition for expungement shall include:

b. In those instances where the petitioner is seeking the expungement of a *criminal conviction,* a statement with affidavit or verification that he has never been granted expungement, sealing or similar relief regarding a criminal conviction

---

[1] It appears that the offense for which defendant successfully completed PTI was indictable because "pretrial intervention" only applies to "criminal" cases. *See N.J.S.A.* 2C:43–12e. The nature of the charges resulting in PTI was not developed before the trial court or us.

by any court in this State or other state or by any Federal court. "Sealing" refers to the relief previously granted pursuant to P.L.1973, c. 191 (C. 2A:85–15 et seq.). [N.J.S.A. 2C:52–8b (emphasis added)].

Under N.J.S.A. 2C:52–3 a person convicted of a DP offense "who has not been convicted of any prior or subsequent crime . . . or of another three disorderly persons or petty disorderly persons offenses," may have the DP conviction or convictions expunged after five years from the date of conviction. The petition must be filed under N.J.S.A. 2C:52–7 to permit verification and must comply with the provisions of N.J.S.A. 2C:52–8.

There is some merit to petitioner's contention that the PTI expungement does not bar expungement of the DP convictions because the petition need not reveal the matter expunged after dismissal following successful completion of PTI. Under N.J.S.A. 2C:52–8c, only a person who has secured a prior "dismissal of a criminal charge" by virtue of supervisory treatment or other diversion program must so indicate in the expungement petition. There is a clear distinction between an indictable offense or crime, on the one hand, and a DP and petty DP or non-indictable offense on the other, see N.J.S.A. 2C:1–4a, b, and the distinction between crimes and DPs is significant with respect to the expungement process. See State v. A.N.J., 98 N.J. 421, 426–27, 487 A.2d 324 (1985).

We nevertheless conclude that the Legislature did not intend to make such a sophisticated distinction in these circumstances when the language of N.J.S.A. 2C:52–14f is so clear. As our Supreme Court has said, "[w]hen a statute is clear on its face, a court need not look beyond the statutory terms to determine the legislative intent." State v. Churchdale Leasing Inc., 115 N.J. 83, 101, 557 A.2d 277 (1989).

As a general rule of statutory construction, we look first to the language of the statute. If the statute is clear and unambiguous on its face and admits of only one interpretation, we need delve no deeper than the act's literal terms to divine the Legislature's intent. See Renz v. Penn Central Corp., 87 N.J. 437, 440 [435 A.2d 540] (1981); Watt v. Mayor and Council of Borough of Franklin, 21 N.J. 274, 276–277 [121 A.2d 499] (1956).

[*State v. Butler*, 89 *N.J.* 220, 226, 445 *A.2d* 399 (1982)].

Moreover, we are guided in the interpretation of the expungement chapter by the fact that records in the index and registry of cases listing PTI applications and "the disposition of those applications," *N.J.S.A.* 2C:43–21a, cannot themselves be expunged, *see N.J.S.A.* 2C:52–31; *see also N.J.S.A.* 2C:43–12; 2C:43–21d, and—as Judge Greenberg noted—by a specific rule of construction relating to the expungement chapter of the Code. *N.J.S.A.* 2C:52–32 specifically provides:

> This chapter shall be construed with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity, *but not to create a system whereby periodic violators of the law or those who associate themselves with criminal activity have a regular means of expunging their police and criminal records.*
>
> [*N.J.S.A.* 2C:52–32 (emphasis added)].

This defendant has been convicted only of two DP offenses. However, a prior criminal charge was dismissed after successful completion of PTI, and the PTI expungement does not eradicate that dismissal for purposes of a subsequent DP expungement.

The order of April 4, 1995 is affirmed.