**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0788-16T1

IN THE MATTER OF THE
EXPUNGEMENT APPLICATION
OF LUIS VELAZQUEZ.

_____

Submitted July 18, 2017 — Decided July 28, 2017

Before Judges Reisner and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Docket No. 350-
15.

Gluck Walrath, L.L.P., and John Nicholas
Iannuzzi (Iannuzzi and Iannuzi) of the New
York bar, admitted pro hac vice, attorneys for
appellant (Mr. Iannuzzi, of counsel and on the
brief; Robyn B. Gigl, on the brief).

Esther Suarez, Hudson County Prosecutor,
attorney for respondent (Erin M. Campbell,
Assistant Prosecutor, on the brief).

PER CURIAM

Petitioner Luis Velazquez appeals from the August 10, 2016 order denying his application to expunge a conviction. We reverse the order and remand for reconsideration.

In 2005, petitioner pled guilty to third-degree receiving stolen property, N.J.S.A. 2C:20-7 (the 2005 conviction). He was

sentenced to two years of probation and fifty hours of community service, all of which have been satisfied. In 2016, petitioner made application to expunge the 2005 conviction. See N.J.S.A. 2C:52-2. Petitioner contends the 2005 conviction interferes with his ability to obtain employment other than as a long-haul trucker. He would like employment in a job that does not involve so much travel away from his family.

The Hudson County Prosecutor (the Prosecutor) initially opposed petitioner's expungement application because petitioner failed to list in his criminal history a 2012 guilty plea to the disorderly persons offense of shoplifting, N.J.S.A. 2C:20-11(c)(4), from Marlboro Township. Petitioner amended the expungement application to include that guilty plea. In addition to the 2012 shoplifting conviction and the 2005 conviction, petitioner listed two other offenses. In 1997, he pled guilty in the Belleville Municipal Court to shoplifting, N.J.S.A. 2C:20-11(b)(2). In October 1996, petitioner was charged with the illegal use of slugs, N.J.S.A. 2C:21-18, and forgery, N.J.S.A. 2C:21-1 (the 1996 offenses). For the 1996 offenses, petitioner was admitted to Pretrial Intervention (PTI), and successfully completed the program in November 1997. See R. 3:28.

Petitioner's amended expungement application was opposed by the Prosecutor, claiming that petitioner was not eligible under

N.J.S.A. 2C:52-14(f) to expunge the 2005 conviction because of his past participation in PTI.

Petitioner's application for expungement was denied by order dated August 10, 2016 without oral argument. In the order, the court did not make any factual findings or provide legal authority other than listing three cases: State v. B.C., 235 N.J. Super. 157 (Law Div. 1989); State v. Dylag, 267 N.J. Super. 348 (Law Div. 1993); In re Podias, 284 N.J. Super. 674 (App. Div. 1995), certif. denied, 143 N.J. 517 (1996). Petitioner did not have the opportunity to respond to the objection lodged by the Prosecutor.

On appeal petitioner raises the following issues:

> Point I: THE PROSECUTOR ERRONEOUSLY APPLIED THE STATUTE (The Issue Was Not Raised Below As Appellant Had No Opportunity To Respond To The Objections Raised By the Prosecutor)
>
> Point II: APPELLANT'S 1996 ARREST WAS FOR DISORDERLY PERSON CHARGES (The Issue Was Not Raised Below As Appellant Had No Opportunity To Respond To The Objections Raised By the Prosecutor).
>
> Point III: THE COURT BELOW ERRONEOUSLY DETERMINED PETITIONER'S APPLICATION WAS BARRED (The Issue Was Not Raised Below As Appellant Had No Opportunity To Respond To The Objections Raised By the Prosecutor).

We reverse and remand for reconsideration.

When an application for expungement is made, the

> "petitioner has the burden to satisfy the requirements of the expungement statute[,]" by

3

a preponderance of the evidence. If a petitioner satisfies that burden, the burden then shifts to the State to "demonstrate[] by a preponderance of the evidence that there is a statutory bar or that the petition should not be granted." If the State fails to satisfy its burden in opposition to the expungement petition, "[t]he petitioner is presumptively entitled to expungement[.]"

[In re D.H., 204 N.J. 7, 18 (2010) (alterations in original) (citations omitted).]

The application was denied under N.J.S.A. 2C:52-14(f). That statute provides:

A petition for expungement filed pursuant to this chapter shall be denied when:

. . . .

f. The person seeking the relief of expungement of a conviction for a disorderly persons, petty disorderly persons, or criminal offense has prior to or subsequent to said conviction been granted the dismissal of criminal charges following completion of a supervisory treatment or other diversion program.

[N.J.S.A. 2C:52-14(f).]

Petitioner contends the 1996 offenses involved the use of slugs and that there never was an indictment, even for the forgery charge. As such, petitioner contends the charges should both be treated as disorderly persons offenses for purposes of expungement. Because the statute only prohibits expungements where petitioner participated in PTI for a criminal charge and the

1996 offenses should be treated as disorderly persons charges, petitioner contends he should be eligible for expungement of the 2005 conviction, relying on B.C., supra, 235 N.J. Super. at 161 (holding that "a disorderly persons [conviction] did not constitute a 'criminal conviction' to the extent that it would deprive someone of the right to an expungement" (citation omitted)).

The Prosecutor contends that because petitioner participated in PTI following the 1996 offenses, he is barred by N.J.S.A. 2C:52-14(f) from expunging the 2005 conviction. Moreover, the Prosecutor argues that forgery under N.J.S.A. 2C:21-1 is not a disorderly persons offense and petitioner could only enter PTI if charged with a criminal offense. See R. 3:28.

The record does not assist us in evaluating the nature of the 2005 conviction. The trial court decided the expungement petition on the papers without petitioner having the ability to present these arguments. Furthermore, the court did not make any findings of fact or explain any legal conclusions. See R. 1:7-4(a) (requiring findings of fact and conclusions of law in a non-jury trial to be stated in "an opinion or memorandum decision, either written or oral"). The court cited to three cases, but it did not explain how or why they applied to this case. Thus, we are constrained to reverse the order, which denied expungement, and

to remand the case for further proceedings.  On remand, the trial court should permit additional briefing on these issues and, if requested, permit oral argument.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0788-16T1