124 N.J. Super. 240 (1973)
305 A.2d 827
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
AUGUSTINE D'ANGERIO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Argued March 16, 1973.
Decided March 26, 1973.
*241 Mr. David Laidman, argued the cause for respondent (Mr. Geoffrey Gaulkin, Prosecutor of Hudson County, attorney).
Mr. Ralph J. Salerno argued the cause for defendant.
VERGA, J.C.C.
This is a petition for an order to expunge the record of a criminal conviction, pursuant to N.J.S. 2A:164-28. Defendant was indicted on December 8, 1938 in the Court of Quarter Sessions, Hudson County, Indictment #393-38, for stealing a motor vehicle. On July 7, 1939, he was sentenced to the New Jersey Reformatory, Annandale, New Jersey for the term prescribed by law. This sentence was suspended and the defendant was placed on probation for three years.
During the argument, it came to light that the defendant was subsequently convicted of Larceny in 1953, in the Municipal Court of the city of Paterson, Docket #1953-C-1042. The record of this conviction was expunged by Judge *242 John F. Crane, in the Superior Court, Law Division, Passaic County, on January 5, 1973.
The State contends that the defendant cannot have the record of his 1938 conviction expunged because of the subsequent 1953 conviction for Larceny. The defendant argues that the expungement of the 1953 Larceny conviction precludes the Court from considering it for the purpose of the present proceedings. This Court is of the opinion that the defendant's argument is without merit.
The pertinent statute, N.J.S. 2A:164-28, reads as follows:
"In all cases wherein a criminal conviction has been entered against any person whereon sentence was suspended, or a fine imposed of not more than $1,000 and no subsequent conviction has been entered against such person, it shall be lawful after the lapse of ten years from the date of such conviction for the person so convicted to present a duly verified petition to the Court, wherein such conviction was entered, setting forth all the facts in the matter and praying for the relief provided for in this section." (Emphasis added)
But for his subsequent conviction, the defendant would be entitled to expungement. However, the statutory language is explicit that the petition for expungement is lawful only if "no subsequent conviction has been entered against such person." In State v. Chelson, 104 N.J. Super. 508 (Bergen Co. Ct., 1969), the Court refused to expunge the record of a conviction for Petit Larceny where the defendant was subsequently convicted of Petit Larceny in another county. It was held that in the case of a multiple offender, the plain meaning of the language in the expungement statute is that "the record of no conviction, except possibly the last, can be expunged." Here, of course, the record of the defendant's last conviction has been expunged.
Defendant's argument that the expungement of his subsequent conviction bars its consideration in the present proceedings, is contrary to the legislative intent in creating the remedy of expungement. In State v. Chelson, supra p. 510, *243 the Court refers to a statement accompanying a bill amending the original expungement statute. The statement reads as follows:
"The purpose of this act is to assist only those persons who have one single conviction against them, and from the time of conviction and for a period of ten years thereafter have lived exemplary lives during that time and are able to show by this petition that they have made a complete moral change."
In view of the foregoing, it cannot have been the intent of the legislature to permit a multiple offender to expunge the records of all of his convictions by starting with the last and working backwards, arguing each time that his latter convictions never occurred because they had been expunged.
Petition denied.