146 N.J. Super. 264 (1976)
369 A.2d 935
IN THE MATTER OF THE APPLICATION OF PATRICK FONTANA.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1976.
Decided December 30, 1976.
*265 Before Judges BISCHOFF, MORGAN and E. GAULKIN.
Mr. Eric A. Summerville argued the cause for appellant Fontana.
Mr. Arnold Cohen, Deputy Attorney General, Division of Criminal Justice, argued the cause for respondent State of New Jersey (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. William Welaj, Deputy Attorney General, of counsel).
*266 PER CURIAM.
Patrick Fontana (hereafter defendant) appeals from the denial of his application for expungement of his record of convictions pursuant to N.J.S.A. 2A:164-28.
In 1962 defendant was charged in six separate indictments with five counts of breaking and entering with intent to steal, contrary to N.J.S.A. 2A:94-1, and five counts of larceny, contrary to N.J.S.A. 2A:119-2.
The charges were based on a series of events which started on February 27, 1962, when defendant and two others (one a juvenile) broke and entered a delicatessen and stole 20 cases of beer and one case of soda. About one week later they started to consume the beer and, on the night of March 7 and during the early morning hours of March 8, they entered a television service and supply store, a motor vehicle, a market and a private dwelling, and stole a hi-fi stereo, motor vehicle fender skirts, cigars, cigarettes and some money.
Defendant pleaded guilty to all counts of the six indictments and was sentenced to concurrent suspended sentences, placed on probation for two years and fined $500. Thirteen years later defendant applied for expungement of his record of convictions pursuant to N.J.S.A. 2A:164-28, which provided in pertinent part at the time the application was made[1]:
In all cases wherein a criminal conviction has been entered against any person whereon sentence was suspended, or a fine imposed of not more than $1000 and no subsequent conviction has been entered against such person, it shall be lawful after the lapse of ten years from the date of such conviction for the person so convicted to present a duly verified petition to the Court, wherein such conviction was entered, setting forth all the facts in the matter and praying for the relief provided in this section.
In ruling on the application for expungement the trial judge stated that he "would like to help this man because *267 he was in court * * * and he impressed me." However, he said he felt that he had no discretion since the statute spoke in terms of "a conviction" and he was convinced defendant had six convictions and, accordingly, was not eligible for the benefit of the statute.
The only issue presented by this appeal is whether defendant's conviction of the crimes charged in the six indictments can be considered "a conviction" so as to qualify him for expungement under N.J.S.A. 2A:164-28.
We hold that under the circumstances of this case the statute is applicable and defendant is eligible for expungement relief. The crimes which form the basis of the convictions all involved the same participants and were committed within a comparatively short time. The judgments of conviction on the pleas of guilty were all entered on the same day. The criminal conduct can be viewed as akin to a "one night spree" which has generally received special consideration in sentencing, State v. McBride, 127 N.J. Super. 399 (App. Div. 1974), aff'd 66 N.J. 577 (1975), and the convictions as one conviction within the intent and meaning of the statute. Cf. State v. McCall, 14 N.J. 538 (1954); State v. Johnson, 109 N.J. Super. 69 (App. Div. 1970).
The statute is specifically aimed at providing an incentive for rehabilitation of a person convicted of crime, and its purpose will be advanced by a construction which authorizes expungement under the circumstances here present.
Expungement is discretionary under the statute. The trial judge here indicated that the only reason he was not granting the relief requested was his conclusion that the multiple judgments of conviction prevented it. Since we disagree with that construction of the statute, there is no longer any bar to granting the application.
The order denying expungement is reversed and the matter remanded for the entry of an appropriate order of expungement.
NOTES
[1] Amendments to the statute, effective March 3, 1976, are not relevant to the disposition of this appeal.