STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. RONALD TULLY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 24, 1977—Decided June 16, 1977.

Before Judges HALPERN, ALLCORN and BOTTER.

*Mr. Joseph P. Lordi,* Prosecutor of Essex County, attorney for appellant (*Mr. Stephen R. Knox,* Assistant Prosecutor, of counsel and on the brief).

*Messrs. Lum, Biunno & Tompkins,* attorneys for the respondent (*Mr. Steven E. Brawer* on the brief).

PER CURIAM. Petitioner was on February 1, 1966 convicted in the Newark Municipal Court of the disorderly persons offense of being an inmate of a disorderly house. A 90-day sentence was suspended, a fine imposed and one year's probation ordered. Thereafter, and in May 1974, he was convicted in the U. S. District Court for violation of the narcotics law. In 1976, petitioner filed the instant petition with the County Court seeking expungement under *N. J. S. A.* 2A:169–11 of the arrest and conviction records of the 1966 disorderly persons conviction.

The statute in pertinent part provides (*N. J. S. A.* 2A:169–11):

> In all cases wherein a person has been adjudged a disorderly person whereon sentence was suspended or a fine imposed and no subsequent criminal or disorderly person conviction has been entered against such person, it shall be lawful after the lapse of 5 years from the date of such conviction for the person so adjudged a disorderly person to present a duly verified petition to the County Court of the county in which the conviction was entered, setting forth all the facts in the matter and praying for the relief provided for in this act. * * *

Despite the express prohibition that a petitioner seeking expungement must have "no subsequent criminal or disorderly person conviction" against him, the trial judge granted the expungement application. The judge reasoned

that since defendant would have been eligible to have the record expunged in 1971 (after the lapse of five years from the date of that conviction), he was entitled to expungement at any time thereafter without regard to the 1974 federal conviction. The judge interpreted the statute as requiring only that a petitioner have no disorderly persons or criminal convictions within five years following the conviction sought to be expunged, and that any convictions occurring subsequent to the five-year period were irrelevant. The State has appealed from the order of expungement.

■ The statute imposes two preliminary criteria before the petition for expungement may even be entertained: (1) a minimum period of five years must have elapsed since the date of the conviction sought to be expunged, and (2) the applicant shall not have been convicted of any criminal or disorderly persons offenses between the time of the conviction sought to be expunged and the time of the filing of the petition. The language of the statute is plain and unambiguous in this respect; its intendment is clear and admits of no interpretation such as that made by the trial judge. *Cf., State v. Petti,* 142 *N. J. Super.* 283 (App. Div. 1976).

■ It is observed that, in addition to expunging the record of petitioner's conviction, the trial judge also directed the expungement of the arrest record for this offense. The foregoing statute (*N. J. S. A.* 2A:169–11) authorizes expungement solely from the court records of "all evidence of said conviction," *In re Application of Raynor,* 123 *N. J. Super.* 526 (App. Div. 1973). Expungement of arrest records is controlled by *N. J. S. A.* 2A:85–15, which permits expungement only where the charge is dismissed against the defendant or the defendant is discharged without conviction or is acquitted. Defendant here was convicted of the offense. Consequently, the trial judge was without the power to order the expungement of the arrest records.

Accordingly, the order of expungement is reversed and the cause is remanded to the Essex County Court with directions to enter on order dismissing the petition.