IN THE MATTER OF THE APPLICATION FOR
EXPUNGEMENT OF F.A.U.

Superior Court of New Jersey
Appellate Division

Argued March 22, 1983—Decided May 2, 1983.

Before Judges MICHELS, PRESSLER and TRAUTWEIN.

*Stephen H. Monson,* Deputy Attorney General, argued the cause for appellant State of New Jersey (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *Stephen H. Monson,* of counsel and on the letter brief).

*Anthony J. Danzo* argued the cause for respondent F.A.U.

The opinion of the court was delivered by

MICHELS, P.J.A.D.

The State appeals from that portion of an order of the Law Division that expunged the arrest and conviction record of F.A.U. for a 1956 disorderly persons conviction in the Belleville municipal court for larceny from parking meters in violation of *N.J.S.A.* 2A:170–30.1. The trial judge recognized that a literal reading of *N.J.S.A.* 2C:52–3 would bar the expungement of F.A.U.'s disorderly persons conviction because of his subsequent conviction in 1957 of an indictable offense, to wit, breaking, entering and attempted larceny, by the Essex County Court. Nonetheless, the trial judge ignored the clear, explicit language of *N.J.S.A.* 2C:52–3 and expunged F.A.U.'s arrest and conviction record for the disorderly persons conviction, in part reasoning:

> I am faced with the circumstances concerning whether the other two offenses, one a disorderly persons offense, the larceny of the parking meters, and the second a violation of a city ordinance should be expunged. The statute would appear to indicate, 2C:52–3, having been convicted of any prior or subsequent crime, indictable offense, the disorderly persons offenses can not be expunged. This does raise the anomaly of presenting expungement of a more serious offense, and not so of the less serious offense based upon the colloquy we have exchanged in here.

> I don't think I have to discuss considerations of constitutional dimension, but to merely indicate that a statutory pattern or any provisions of the statute should be read and construed I feel consistent with the objectives to be accomplished. I agree with Mr. Schaaf that the expungement of the "subsequent crime" in this case does not in itself relieve the bar to expungement of the prior disorderly persons offenses because to permit that would merely, as I have indicated before allow a steam-rollering backwards of one expungement, permitting another expungement, permitting another expungement, etcetera.

> However, I cannot concede that the drafters of this statute meant to reach a set of circumstances where other considerations being equivalent, the crimes could be expunged, but the less serious offenses could not be. Based upon the foregoing, I determine that the interest of justice warrant the expungement of all of the Essex County offenses that have been sought in this matter, the breaking, entering, and larceny matter, the city ordinance violation, and the parking meter disorderly persons offense.

We disagree and reverse.

*N.J.S.A.* 2C:52–3 of the New Jersey Code of Criminal Justice (Code) sets forth the prerequisites for the expungement of a conviction for disorderly and petty disorderly persons offenses. The statute reads:

Any person convicted of a disorderly persons offense or petty disorderly persons offense under the law of this State who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, or of another three disorderly persons or petty disorderly persons offenses, may, after the expiration of a period of 5 years from the date of his conviction, payment of fine, satisfactory completion of probation or release from incarceration, whichever is later, present a duly verified petition as provided in section 2C:52–7 hereof to the Superior Court in the county in which the conviction was entered praying that such conviction and all records and information pertaining thereto be expunged.

*N.J.S.A.* 2C:52–14 a provides that a petition for expungement filed pursuant to Chapter 52 of the Code (*N.J.S.A.* 2C:52–1 *et seq.*) shall be denied when "[a]ny statutory prerequisite, including any provision of this chapter, is not fulfilled or there is any other statutory basis for denying relief."

Here it is uncontroverted that F.A.U. was convicted in 1957 by the Essex County Court of breaking, entering and attempted larceny subsequent to his conviction in 1956 in the Belleville municipal court for the disorderly persons offense of larceny from parking meters. F.A.U.'s subsequent conviction disqualified him from having his 1956 disorderly persons conviction expunged. Therefore, the trial judge was under a statutory mandate to deny F.A.U.'s petition for expungement of the disorderly persons conviction. The trial judge's refusal to do so was clear error.

The function of the trial judge in dealing with the expungement provisions of Chapter 52 of the Code was, as with every statute, to ascertain the intention of the Legislature from the plain meaning of the statute and to apply it to the facts. Because *N.J.S.A.* 2C:52–3 is clear and unambiguous, it was not open to construction or interpretation and the trial judge should not have indulged in any interpretation other than that called for by the statute's express language. *See Watt v. Franklin,* 21 *N.J.* 274, 277 (1956); *Duke Power Co. v. Patten,* 20 *N.J.* 42, 49 (1955); *DeHart v. Bambrick,* 177 *N.J.Super.* 541, 549 (App.Div. 1981); *State v. Tully,* 150 *N.J.Super.* 516, 518 (App.Div.1977). In such circumstances there was "no room for judicial interpretation." *Sheeran v. Nationwide Mut. Ins. Co.,* 80 *N.J.* 548, 556

(1979). In this regard we deem it worthwhile to repeat what our Supreme Court stated in *State v. Fearick,* 69 *N.J.* 32, 37–38 (1976), concerning the judicial function in construing statutes:

> Our judicial function is to effectuate the legislative goal to the extent permitted by the statutory provisions. *Singleton v. Consolidated,* 64 *N.J.* 357, 362–363 (1974); *State v. Hatch,* 64 *N.J.* 179, 186 (1973); *State v. Johnson,* 42 *N.J.* 146, 176 (1964); *State v. Sheppard,* 125 *N.J.Super.* 332, 336–337 (App.Div.1973), certif. den. 64 *N.J.* 318 (1973). This cardinal rule of construction was incisively set forth by former Justice Benjamin Cardozo, of the United States Supreme Court, in his classic treatise, *The Nature of the Judicial Process,*
>
> > * * * In countless litigations, the law is so clear that judges have no discretion. They have the right to legislate within gaps, but often there are no gaps. We shall have a false view of the landscape if we look at the waste space only, and refuse to see the acres already sown and fruitful. I think the difficulty has its origin in the failure to distinguish between right and power, between the command embodied in a judgment and the jural principle to which the obedience of the judge is due. Judges have, of course, the power, though not the right, to ignore the mandate of a statute, and render judgment in despite of it. They have the power, though not the right, to travel beyond the walls of the interstices, the bounds set to judicial innovation by precedent and custom. None the less, by that abuse of power, they violate the law. * * (Seventeenth Printing, Yale University Press, September, 1957 at p. 129).
>
> Viewed as above indicated, there is no room for judicial construction of *N.J.S.A.* 39:3–40—the State having proved the prescribed statutory elements, the courts have no alternative but to impose the penalty called for therein. We are charged with the duty of interpreting statutes, not of legislating. *Powell v. Texas,* 392 *U.S.* 514, 538, 88 *S.Ct.* 2145 [2157], 20 *L.Ed.2d* 1254 (1968), reh. den. 393 *U.S.* 898, 89 *S.Ct.* 65, 21 *L.Ed.2d* 185 (1968); *State v. Sheppard, supra.*

Thus, whatever inequity or even anomaly the trial judge may have perceived to exist by virtue of being able to expunge F.A.U.'s conviction for the criminal offense of breaking, entering and attempted larceny pursuant to *N.J.S.A.* 2C:52–2, but not his conviction for the disorderly persons offense because of the restrictive criteria of *N.J.S.A.* 2C:52–3, such cannot be corrected or remedied by ignoring the peremptory command of the statute. The most that any court can do in such a situation is to draw attention to the perceived inequitable or anomalous result. *See Dacunzo v. Edgye,* 19 *N.J.* 443, 454 (1955).

Accordingly, the portion of the judgment that expunged F.A. U.'s 1956 disorderly persons conviction is reversed and vacated.

The matter is remanded to the trial court for the entry of an amendatory order. We do not retain jurisdiction.