240 N.J. Super. 216 (1990)
572 A.2d 1205
STATE OF NEW JERSEY, PLAINTIFF,
v.
H.J.B., DEFENDANT.
Superior Court of New Jersey, Law Division Passaic County.
Decided February 7, 1990.
*217 Edward M. Agnello, for petitioner (Agnello and Agnello).
Steven Braun, Assistant Prosecutor, for the State (Ronald S. Fava, Passaic County Prosecutor).
MARTIN, J.S.C.
The issue presented is the expungibility of two disorderly person convictions and one municipal ordinance violation pursuant to N.J.S.A. 2C:52-3 and 52-4 respectively, where there exists a prior foreign jurisdiction disorderly person offense. Specifically, does the foreign disorderly person offense conviction impinge on the permissible number of disorderly person (herein referred to as d.p.) and municipal ordinance (herein referred to as m.o.) convictions which may statutorily be granted.
The record reveals that in 1958 and again in 1963 petitioner was convicted of a d.p., simple assault (N.J.S.A. 2A:170-26) in Passaic, New Jersey. In 1961 petitioner was convicted of a m.o. in Clifton, New Jersey (Ordinance No. 21-4), Loitering While Drunk.[1] No other convictions have been entered against petitioner in New Jersey. However, in 1957 petitioner was convicted in the State of Florida for malicious mischief. Both the State and petitioner's counsel have agreed that this conviction is the equivalent of a d.p. offense in N.J.
For purposes of this petition the pertinent portions of N.J.S.A. 2C:52-3 and 52-4 provide:

*218 52-3: Any person convicted of a disorderly persons offense or petty disorderly persons offense under the law of this State who has not been convicted of any prior or subsequent crime, whether within this state or any other other jurisdiction, or of another three disorderly persons or petty disorderly persons offenses, may after ... a period of 5 years ... present a duly verified petition ... [Emphasis supplied].
52-4: In all cases wherein a person has been found guilty of violating a municipal ordinance of any governmental entity of this state and who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, and who has not been adjudged a disorderly person or petty disorderly person on more than two occasions, may after ... a period of 2 years ... present a duly verified petition ... [Emphasis supplied].[2]
It is the State's position that the Court, pursuant to the language of 2C:52-3 and 2C:52-4, must consider the Florida conviction in tabulating petitioner's d.p. convictions. Based on its statutory interpretation, the State has no objection to the expungement of the two New Jersey d.p. convictions because 2C:52-3 permits an expungement where the petitioner has not been convicted of "another three" d.p. offenses. Therefore, even including the Florida conviction, petitioner would not be barred. The State objects, however, to expunging the New Jersey m.o. conviction. It states the Florida d.p. conviction raises a statutory bar to petitioner's request as 2C:52-4 permits only two prior d.p. convictions not three as contained in petitioner's prior record.
Conversely, petitioner asserts the Legislature did not intend the inclusion of foreign d.p. or m.o. offenses in evaluating the numerical limitation expressed in the statutes under consideration. The legislation is clear and consistent, he contends, that only crimes committed in foreign jurisdictions are to be considered as barring agents since in each category of expungable offenses the clause "whether within this state or any other *219 jurisdiction" appears only after "crime" and via statutory construction is applicable only to that type of offense. The consistent absence of this limiting language when addressing d.p. and m.o. offenses bolsters this interpretation, he asserts.
That there exists in law a dichotomy between crimes and d.p. offenses has long been established. New Jersey Courts have consistently held that a "disorderly persons is deemed to be a `petty offense', rather than a `crime' within the provisions of our Constitution." State v. Owens, 54 N.J. 153, 157, 254 A.2d 97 (Sup.Ct. 1969). In State v. Blinsinger, 114 N.J. Super. 318, 276 A.2d 182 (App.Div. 1971), defendant's subsequent conviction of simple assault and battery, a d.p. offense, did not bar expungement of prior conviction of breaking and entering. The Court held, predicated on statutory construction, that only a subsequent "criminal conviction" could bar the expungement. In its interpretation of "criminal conviction" it stated that a d.p. offense did not constitute a "criminal conviction", to the extent that it would deprive someone of the right to an expungement. Id. at 320, 276 A.2d 182. Compare State v. Josselyn, 148 N.J. Super. 538, 372 A.2d 1184 (Law Div. 1970), (Defendant convicted in Virginia of an offense at least equivalent to a misdemeanor within ten years after conviction of petit larceny in New Jersey was not entitled to have his New Jersey conviction expunged.)
The expressed design of the expungement statute is to provide "relief to the one time offender who has led a life of rectitude and disassociated himself with unlawful activity ..." State v. XYZ Corp., 232 N.J. Super. 423, 428, 557 A.2d 670 (App.Div. 1989), citing N.J.S.A. 2C:52-32. Expungement allows the "one time offender to answer any questions about an arrest or conviction as if they had never occurred." Id. at 429, 557 A.2d 670, citing N.J.S.A. 2C:52-27.
Despite this stated purpose, the Supreme Court in State v. A.N.J., 98 N.J. 421, 487 A.2d 324 (1985) noted that the 1981 amendment increased the maximum number of expungable d.p. *220 convictions to three. The statement accompanying the 1981 amendment was determined significant because "... it emphasizes the Legislature's clear understanding of the difference between a `crime' and a disorderly persons' offense." Id. at 426, 487 A.2d 324. In support, the Court noted that Title 2C explicitly differentiates crimes from d.p. offenses under N.J.S.A. 2C:1-4:
a. An offense defined by this code or by any other statute of this State, for which a sentence of imprisonment in excess of 6 months is authorized, constitutes a crime within the meaning of the Constitution of this State. Crimes are designated in this code as being of the first, second, third or fourth degree.
b. An offense is a disorderly persons offense if it is so designated in this code or in a statute other than this code. An offense is a petty disorderly persons offense if it is so designated in this code or in a statute other than this code. Disorderly persons offenses and petty disorderly persons offenses are petty offenses and are not crimes within the meaning of the Constitution of this State. There shall be no right to indictment by a grand jury nor any right to trial by jury on such offenses. Conviction of such offenses shall not give rise to any disability or legal disadvantage based on conviction of a crime. [Emphasis added].
Further confirmation that the Legislature meant to limit expungement only to the one-time "criminal" offender was found by contrasting the language in N.J.S.A. 2C:52-2 which bars expungement of a conviction of a crime if the offender has been convicted of any prior or subsequent crime, and 2C:52-3 which bars expungement of disorderly persons offenses only for those "convicted of any prior or subsequent crime ..., or of another three disorderly persons or petty disorderly persons offenses". State v. A.N.J., 98 N.J. at 426-27, 487 A.2d 324.
The Court's function is to enforce the legislative will as expressed by clear language contained in the statute. Howell Tp. v. Manasquan River Regional Sewerage Authority, 215 N.J. Super. 173, 521 A.2d 858 (App.Div. 1987). In construing a statute, a court must give effect to the legislature's intent; sources of legislative intent are the language of the statute, the policy behind the statute, concepts of reasonableness and legislative history. Coletti v. Union County Bd. of Chosen Freeholders, *221 217 N.J. Super. 31, 524 A.2d 1270 (App.Div. 1987). Words and phrases contained in statutes should be given their ordinary and well-understood meaning. State v. Pleva, 203 N.J. Super. 178, 496 A.2d 375 (App.Div. 1985), cert. denied 102 N.J. 323 (1985). As indicated in State v. A.N.J., 98 N.J. at 428, 487 A.2d 324 "In the last analysis, our role is to effectuate the legislative intent ..." of the expungement statute.
The statutory language under consideration evidences that the Legislature did not intend a d.p. conviction in a foreign jurisdiction to be a numerical limiting factor in expungement petitions. Note that the Legislature addressed each type of offense in a separate section or sub-paragraph. This differentiation indicates a legislative consciousness of the significance of distinguishing crimes from other types of offensive behavior. This is further illustrated in the statute's relief eligibility requirements. The sections (2C:52-2, 3 and 4) each vary the number of offenses expungable and the time requirement before eligibility. On the other hand, despite the variance between sections, crimes are treated consistently. Each section bars relief if the petitioner has been convicted "of any prior or subsequent crime, whether within this state or any other jurisdiction." This treatment of crimes becomes increasingly significant due to the uniform lack of this instruction regarding d.p. and m.o. offenses. The absence of the phrase "whether within this state or any other jurisdiction" as to d.p., p.d.p. and m.o. offenses indicates that the Legislature intended only New Jersey d.p. and p.d.p. be considered. In making this distinction between crimes and d.p. offenses the Legislature apparently chose to defer to other states' determination of "crimes" but not to their more variant d.p. determinations.
The Court is cognizant of the arguable logical inconsistency that a petitioner who has exceeded the maximum allowable number of d.p. offenses in New Jersey will be statutorily barred from expunging his record; while the individual who has fewer New Jersey offenses, but more than the maximum number, *222 if we include offenses in foreign jurisdictions, may expunge his record. Several considerations confirm that this interpretation is what the Legislature intended. First, the Legislature consistently differentiated between crimes and d.p., p.d.p. and m.o. Second, the Legislature only allows a petitioner to expunge his record in New Jersey. If a petitioner has various disorderly person type offenses in other jurisdictions an expungement in New Jersey does not affect his record elsewhere. The petitioner must still contend with his record in those jurisdictions, regardless of the New Jersey expungement. Third, the consistent statutory treatment in separate sections incorporating identical language evidences the legislative limiting mandate.
The Supreme Court has recognized that anomalies may arise under the expungement statute, yet courts must follow the act. State v. A.N.J., 98 N.J. at 427, 487 A.2d 324. For example, In re F.A.U., 190 N.J. Super. 245, 247, 463 A.2d 344 (App.Div. 1983) recognizes the irony in concluding that one convicted of a crime and a disorderly person offense may expunge the crime but not the disorderly person offense. Despite these anomalies the Supreme Court noted that "... as in so many of the provisions of the Code of Criminal Justice, the Legislature has improved and advanced the administration of justice." State v. A.N.J., 98 N.J. at 427, 487 A.2d 324. It should be noted that if the structure and language of the statute has created a situation that was not intended or desired, modification of the statute is properly exercised by the Legislature, rather than by the judiciary. See State v. A.N.J., 98 N.J. at 428, 487 A.2d 324.[3]
In conclusion, the ruling today is that petitioner's d.p. offense *223 in a foreign jurisdiction is not included;[4] therefore, petitioner's request for expungement of his 1958 and 1963 disorderly person convictions as well as his 1961 municipal ordinance violation is granted.
NOTES
[1] Petitioner initially challenged the constitutionality of the Clifton Ordinance; however, upon further review abandoned this contention.
[2] For comparison purposes N.J.S.A. 2C:52-2 dealing with criminal convictions provides: In all cases, ..., wherein a person has been convicted of a crime under the laws of this State and who has not been convicted of any prior or subsequent crime, whether within this State, or any other jurisdiction, and has not been adjudged a disorderly person or petty disorderly person on more than two occasions may after ... 10 years ... present a duly verified petition ...
[3] In construing statutes, the Court must assume the Legislature is thoroughly conversant with its own enactments and with judicial construction placed upon them. Yacenda Food Management Corp. v. New Jersey Highway Authority, 203 N.J. Super. 264, 496 A.2d 733 (App.Div. 1985).
[4] There exist restrictions in granting an expungement which the Court must review other than numerical number. They are not within the purview of this opinion. See N.J.S.A. 2C:52-2a, b, c,; 2C:52-5; 2C:52-12, 13, 14 & 28.