689 A.2d 196

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. EMILIO
BLAZANIN, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 27, 1997—Decided February 28, 1997.

Before Judges PETRELLA, LANDAU and KIMMELMAN.

*Paul J. Feldman,* Assistant Prosecutor, argued the cause for appellant (*John Kaye,* Monmouth County Prosecutor, attorney; *Mr. Feldman,* of counsel and on the letter brief).

*William W. Graham* argued the cause for respondent (*Carey & Graham,* attorneys; *Mr. Graham,* on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

The Monmouth County Prosecutor appeals the Law Division Judge's action in an expungement proceeding brought by respondent Emilio Blazanin. The judge treated what was Blazanin's

misdemeanor conviction under Title 2A as equivalent to a present disorderly persons offense under Title 2C. After so doing, the judge expunged a subsequent indictable conviction. The judge then expunged the first conviction, which he had treated as a disorderly persons offense in order to expunge the second conviction. On this appeal the State argues that the court (1) has no authority to amend a judgment of conviction for a violation of *N.J.S.A.* 2A:119–2 to treat it as a disorderly persons offense; (2) had no authority to "treat for expungement purposes" the misdemeanor conviction as a disorderly persons offense; and (3) erred in then also expunging the first misdemeanor conviction which it treated as a disorderly persons conviction. The central issue on this appeal is whether the Law Division may effectively amend the judgment of conviction based upon the downgrading of a Title 2A offense by Title 2C and grant a petition for expungement that would otherwise be precluded.

The facts are not in dispute. Blazanin pled guilty in Monmouth County under Indictment No. I–691–69, to petit larceny in violation of *N.J.S.A.* 2A:119–2 on December 11, 1970.[1] The larceny involved the taking of two magnesium automobile wheels valued then at $120.[2] Blazanin was also arrested and charged with possession of marijuana in violation of *N.J.S.A.* 24:18–4.[3] On January 13, 1971, Blazanin was again convicted of larceny in violation of *N.J.S.A.* 2A:119–2, as well as burglary in violation of *N.J.S.A.* 2A:94–1. Blazanin was sentenced to five years in the Garden State Reception and Youth Correctional Facility in Yardville, New Jersey.

---

[1] The charge was a misdemeanor under the statute then in effect. The first count of the indictment, breaking and entering with intent to steal (then *N.J.S.A.* 2A:94–1), was dismissed upon the State's motion.

[2] The value of comparable wheels at today's prices, taking inflation into account, was not considered during the expungement proceeding.

[3] Apparently, the possession of marijuana charge was dismissed and the State does not challenge that portion of the court's order expunging that arrest.

Both the December 11, 1970 petit larceny offense and the January 13, 1971 larceny and burglary offenses, were prosecuted as indictable offenses under the then effective provisions of Title 2A of the New Jersey Statutes. *See N.J.S.A.* 2A:119–2 & 2A:94–1. Effective September 1, 1979, Title 2C, the New Jersey Code of Criminal Justice, was adopted. Assuming the value of the property taken in 1971 remained constant, under *N.J.S.A.* 2C:20–2b(3) Blazanin's first larceny conviction would have been a disorderly persons offense if committed after September 1, 1979, as the value of the property taken would be less than $200 at the time the crime was committed. Blazanin's convictions are now twenty-seven years old and it appears that he has no other convictions and there are no charges currently pending against him. Apparently, Blazanin and his brother Vladimir are seeking expungement of their prior convictions in order to obtain firearm permits. Although Blazanin appears to have led a crime-free life since 1971, he is not eligible for expungement because he was convicted of two indictable offenses.

The State objected to the expungement proceeding in the Law Division. It takes the position that reopening old Title 2A convictions for expungement proceedings presents serious problems. The State points out that it will be impossible in many cases to determine the nature of the crime committed because of the lapse of time and the destruction of records as well as any available evidence. The State argues that *State v. R.G.W.*, 208 *N.J.Super.* 60, 61, 504 *A.*2d 1211 (App.Div.1986), which held that the court should apply the shorter waiting period for disorderly persons offenses because the offense was a disorderly persons offense under 2C at the time of the petition, was incorrectly decided. Alternatively, the State argues that *R.G.W.* is distinguishable because the court there was merely applying a new procedural rule under Title 2C to a Title 2A conviction, and *N.J.S.A.* 2C:1–1c allows the application of Title 2C procedural rules to pending Title 2A prosecutions.

*N.J.S.A.* 2C:52–2a provides that a person convicted of an indictable offense:

under the laws of this State and who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, and has not been adjudged a disorderly person or petty disorderly person on more than two occasions may, after the expiration of a period of 10 years from the date of his conviction, payment of fine, satisfactory completion of probation or parole, or release from incarceration, whichever is later, present a duly verified petition ... to the Superior Court ... praying that such conviction and all records and information pertaining thereto be expunged.

A defendant convicted of a disorderly persons offense may seek expungement, after a five year waiting period, where they have not been convicted of a prior or subsequent indictable offense or more than three additional disorderly persons offenses. *N.J.S.A.* 2C:52–3. The expungement statute states in *N.J.S.A.* 2C:52–32 that:

This chapter shall be construed with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity, but not to create a system whereby periodic violators of the law or those who associate themselves with criminal activity have a regular means of expunging their police and criminal records.

A petition for expungement will be denied where the petitioner "has had a previous criminal conviction expunged regardless of the lapse of time between the prior expungement, or sealing under prior law, and the present petition." *N.J.S.A.* 2C:52–14e. Moreover, while a defendant is still eligible for expungement where he is convicted of up to three disorderly persons offenses, a defendant convicted of more than one indictable offense is precluded from obtaining expungement as to any of his convictions. *N.J.S.A.* 2C:52–2a; *State v. A.N.J.*, 98 *N.J.* 421, 427, 487 *A.2d* 324 (1985); *State v. H.J.B.*, 240 *N.J.Super.* 216, 220, 572 *A.2d* 1205 (Law Div.1990). Noting the distinction between disorderly persons offenses and crimes, the Supreme Court concluded that, unlike the eligibility requirements for disorderly persons offenses, once a defendant is convicted of two indictable offenses no relief may be granted. *State v. A.N.J., supra,* 98 *N.J.* at 427, 487 *A.2d* 324. *See also State v. D'Angerio,* 124 *N.J.Super.* 240, 305 *A.2d* 827 (Law

Div.1973) (multiple offender cannot expunge all convictions by removing them from his record one at a time).

In drafting the expungement statute the Legislature clearly understood the difference between an indictable offense or a crime and a disorderly persons offense and intended that they be treated differently. *See N.J.S.A.* 2C:52–2a; *N.J.S.A.* 2C:52–3. Title 2C defines the difference between a crime and a disorderly persons offense in *N.J.S.A.* 2C:1–4a and b:

> An offense defined by this code or by any other statute of this State for which a sentence of imprisonment in excess of 6 months is authorized, constitutes a crime within the meaning of the Constitution of this State. . . .

> An offense is a disorderly persons offense if it is so designated in this code or in a statute other than this code. . . . Disorderly persons offenses and petty disorderly persons offenses are petty offenses and are not crimes within the meaning of the Constitution of this State. . . .

Although "anomalies" may arise in the application of the expungement statute, the "courts must follow the act." *State v. A.N.J., supra,* 98 *N.J.* at 427, 487 *A.*2d 324. Where the plain language of the statute is inconsistent, we must interpret the statute consistent with its internal structure. *Id.* at 424, 487 *A.*2d 324; *Perez v. Pantasote, Inc.,* 95 *N.J.* 105, 116, 469 *A.*2d 22 (1984); *State v. H.J.B., supra,* 240 *N.J.Super.* at 220, 572 *A.*2d 1205; *In re F.A.U.,* 190 *N.J.Super.* 245, 247–48, 463 *A.*2d 344 (App.Div.1983). Where the inconsistency is irreconcilable, the "most that any court can do . . . is to draw attention to the perceived inequitable or anomalous result." *In re F.A.U., supra,* 190 *N.J.Super.* at 248, 463 *A.*2d 344 (citing *Dacunzo v. Edgye,* 19 *N.J.* 443, 454, 117 *A.*2d 508 (1955)).

*N.J.S.A.* 2C:1–1b states that offenses committed before the effective date of the Code are governed by the prior law "as if this code were not in force." Subsection c provides three exceptions to this general rule for pending cases or cases "initiated after the effective date of the code involving an offense committed prior to such date." *N.J.S.A.* 2C:1–1c states:

> (1) The procedural provisions of the code shall govern, insofar as they are justly applicable and their application does not introduce confusion or delay;

(2) The court, with the consent of the defendant, may impose sentence under the provisions of the code applicable to the offense and the offender.

(3) The court shall, if the offense committed is no longer an offense under the provisions of the code, dismiss such prosecution.

A pending case has been defined to include an undecided appeal. *State v. Molnar,* 81 *N.J.* 475, 488, 410 *A.*2d 37 (1980). However, no reported decision holds that an expungement proceeding qualifies as a pending case for purposes of *N.J.S.A.* 2C:1–1c.

██ The expungement statute and the cases interpreting it clearly state that a person convicted of two indictable offenses may not seek relief thereunder. *N.J.S.A.* 2C:52–2; *State v. A.N.J., supra,* 98 *N.J.* at 427, 487 *A.*2d 324. Thus, the Law Division strained to grant Blazanin's petition by considering his first conviction for larceny in 1970 as a disorderly persons offense. In doing so the judge erred. The apparent basis for his treating the 1970 petit larceny conviction as a disorderly persons conviction under 2C:20–2b(3) was his reliance on our holding in *State v. R.G.W., supra,* 208 *N.J.Super.* at 61, 504 *A.*2d 1211. There, we affirmed the Law Division's treatment of the petitioner's August 1977 embezzlement conviction as a disorderly persons offense for purposes of determining the appropriate waiting period under the expungement statute. Under *N.J.S.A.* 2C:52–3 a petitioner need only wait five years before filing a petition for expungement of a disorderly persons offense, while *N.J.S.A.* 2C:52–2 requires a petitioner to wait ten years before seeking expungement of an indictable offense. Thus, in *State v. R.G.W.* we concluded that because the petitioner's embezzlement conviction was only a disorderly persons offense under *N.J.S.A.* 2C:20–2b(3), he need only wait five years to file his petition for expungement. *State v. R.G.W., supra,* 208 *N.J.Super.* at 61, 504 *A.*2d 1211.

We do not consider *State v. R.G.W.* dispositive here. *R.G.W.* is a terse one-paragraph opinion, affirming on the unreported decision below. Although uninformative, it dealt with the applicable waiting period to apply for expungement under the statute, a procedural rule, and not the statute's eligibility requirements, a substantive rule of law. Thus, *R.G.W.* arguably was within the

procedural exception to *N.J.S.A.* 2C:1–1b found in 2C:1–1c(1), which allows courts to apply the new procedural rules in Title 2C to a pending case involving an offense committed prior to the effective date of Title 2C, and thus, is distinguishable from the present case.

Nonetheless, we conclude that 2C:1–1c is not applicable to expungement proceedings as they are not "pending cases." The exception in 2C:1–1c(1) allows courts to apply new procedural rules to pending cases, *i.e.,* from initial prosecution of the offense up until final disposition on appeal. *State v. Molnar, supra,* 81 *N.J.* at 488, 410 *A.*2d 37. *State v. R.G.W.* did not address 2C:1–1c's pending case requirement. 208 *N.J.Super.* at 61, 504 *A.*2d 1211.[4] To the extent *R.G.W.* is not distinguishable we disagree with it. In addition, independent of *State v. R.G.W.,* there is no basis to conclude that an expungement petition for a twenty-seven year old criminal prosecution could qualify as a "pending case." A petition for expungement is a separate and distinct proceeding. The relief sought is in no way related to the disposition of the underlying criminal prosecution. Indeed, *N.J.S.A.* 2C:52–2 and 2C:52–3 state that the petitioner must wait either five or ten years from the date of conviction or satisfaction of the sentence imposed, whichever is greater. Hence, regardless of· any equitable concerns the trial court may have had, there is simply no sound legal basis to treat Blazanin's 1970 larceny conviction as a disorderly persons offense under Title 2C.

█ Aside from the error in treating a misdemeanor conviction as a disorderly persons conviction, the Law Division Judge here simply disregarded the plain language of *N.J.S.A.* 2C:52–3 which prohibits expungement of a disorderly persons offense where the petitioner has a subsequent conviction for an indictable offense. Even if we assume, *arguendo,* that it was proper to consider the first larceny conviction a disorderly persons offense, the court was

---

[4] The lower court's opinion was an oral decision and was not published. *Id.* at 61, 504 *A.*2d 1211. The basis of the trial court's decision is thus unspecified.

not permitted to expunge that offense because Blazanin had a subsequent conviction for the indictable offenses of larceny and burglary. The expungement statute does not permit a multiple offender to expunge his entire criminal record by simply expunging each conviction one at a time. *State v. D'Angerio,* 124 *N.J.Super.* 240, 305 *A.*2d 827 (Law Div.1973); *see also N.J.S.A.* 2C:52–32 (stating that the intent of the statute is to provide relief to the one-time offender).

Moreover, Blazanin's theft of the $120 wheels in 1970 would not necessarily constitute a disorderly persons offense today. It is likely that the value of such wheels today would exceed $200, and therefore, their theft would not qualify as a disorderly persons offense. *N.J.S.A.* 2C:20–2b(3).

The Law Division Judge also determined that principles of equity and logic required expungement of both convictions because it would not make sense to expunge the more serious indictable offense and not the lesser disorderly persons offense. We have addressed this very issue, concluding that while anomalous results may occur, the court is nonetheless required to follow the plain language of the statute:

> [W]hatever inequity or even anomaly the trial judge may have perceived to exist by virtue of being able to expunge F.A.U.'s conviction for the criminal offense of breaking, entering and attempted larceny ..., but not his conviction for the disorderly persons offense because of the restrictive criteria of *N.J.S.A.* 2C:52-3, such cannot be corrected or remedied by ignoring the peremptory command of the statute. The most that any court can do in such a situation is to draw attention to the perceived inequitable or anomalous result.
>
> [*In re F.A.U., supra,* 190 *N.J.Super.* at 248, 463 *A.*2d 344 (citing *Dacunzo v. Edgye, supra,* 19 *N.J.* at 454, 117 *A.*2d 508 ].

In the present case, the Law Division Judge created the anomalous result by treating the 1970 petit larceny conviction, an indictable offense in 1970, as a disorderly persons offense under *N.J.S.A.* 2C:20–2b(3). If the judge had treated the 1970 petit larceny conviction like the indictable offense it was, *N.J.S.A.* 2C:52–2a clearly would have precluded Blazanin's petition for expungement. Hence, regardless of any equitable concerns the

judge may have had, Blazanin is simply not eligible for relief under the expungement statute.

In addition, the denial of Blazanin's petition for expungement is consistent with the statute's clearly stated intent—"providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity." *N.J.S.A.* 2C:52–32. Blazanin is not a one-time offender. Although his convictions are twenty-seven years old and were committed only weeks apart, while he was a teenager, he was convicted of two separate indictable offenses. Neither of Blazanin's convictions qualified for expungement and his petition should have been denied.

Reversed.