946 A.2d 86 (2008)
400 N.J. Super. 117
In the Matter of The Expungement Petition of Robert ROSS.
No. A-0990-07T4
Superior Court of New Jersey, Appellate Division.
Argued April 21, 2008.
Decided May 6, 2008.
*87 Marcy M. McMann, Morristown, argued the cause for appellant Robert Ross (Stephen S. Weinstein, attorneys; Ms. McMann, on the brief).
Jack R. Martin, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Theodore F.L. Housel, Atlantic County Prosecutor, attorney; Mr. Martin, of counsel and on the brief).
Before Judges S.L. REISNER, GILROY and BAXTER.
The opinion of the court was delivered by BAXTER, J.A.D.
Robert Ross (petitioner) appeals from an October 2, 2007 order of the Law Division that denied his petition for expungement of his conviction for third-degree bribery, N.J.S.A. 2C:27-6. In denying expungement, the judge relied on a portion of N.J.S.A. 2C:52-2 that permits expungement of an indictable conviction only if the petitioner "has not been convicted of a prior or subsequent crime." The judge concluded that because Ross committed the crime of false swearing months after he committed the bribery, the false swearing conviction constituted a conviction of a "subsequent crime" that precluded expungement of the bribery conviction, even though Ross was sentenced and convicted for the two crimes on a single sentencing date. We affirm.

I.
In 1989 and 1990, Ross, his father and his sister owned a number of rental properties in Atlantic City. In one of those buildings, Ross and his family installed a water heater with a defective flue that violated the applicable building code. Ross bribed an Atlantic City Housing Authority inspector on several occasions between April 20, 1989, and February 28, 1990, to ignore the violation. As a result *88 of the defective flue, carbon monoxide accumulated and a family of five living in the building was asphyxiated.
The Atlantic County Prosecutor's Office began an investigation into the deaths and interviewed Ross. On May 22, 1990, Ross falsely stated under oath that he and his business partners had not installed a new hot water heater in the apartment where the five deaths occurred.
An Atlantic County grand jury returned six separate indictments against Ross, his father and sister. On July 13, 1992, Ross entered negotiated guilty pleas to one count of fourth-degree false swearing, N.J.S.A. 2C:28-2, and one count of third-degree bribery, N.J.S.A. 2C:27-6.[1] He was sentenced on both charges on the same sentencing date, July 24, 1992, at which time the court imposed a three-year term of probation. As far as we can determine from the record, Ross successfully completed that probationary term. Pursuant to the terms of the July 13, 1992 plea agreement, all remaining counts on the six indictments were dismissed.
Ross, now thirty-eight years old, has not been arrested or convicted of any offense or crimes since he was convicted of the instant offenses in 1992. He now resides in North Carolina and seeks to obtain either a real estate or automobile dealership license but is unable to do so unless his bribery conviction is expunged.
On July 5, 2007, Ross filed a petition for expungement in which he sought to expunge only the bribery conviction. He did not seek to expunge the false swearing conviction because the applicable statute, N.J.S.A. 2C:52-2(b), prohibits expungement of a conviction for false swearing. Judge Isman denied the expungement petition, concluding that the applicable statute, N.J.S.A. 2C:52-2(a), prohibits expungement of a conviction whenever a person has been convicted of a crime committed on a subsequent date even if the petitioner was convicted of both crimes on a single sentencing date. A confirming order was entered on October 2, 2007.
On appeal, Ross argues that the denial of his expungement petition was error because "a simultaneous conviction is not a prior or subsequent conviction for purposes of expungement." The State argues that petitioner's crime of bribery occurred between April 20, 1989, and February 28, 1990, whereas the crime of false swearing occurred months later on May 22, 1990. Consequently, the State contends:
The fact that [Ross] committed crimes on two separate occasions, for which he was convicted, barred the expungement of either the prior or subsequent crime. N.J.S.A. 2C:52-2. The fact that the Legislature used the language "prior or subsequent crime" and did not use the term "prior" or "subsequent conviction" indicates a legislative intent to focus on the date of the criminal act, (crime) not the date of the criminal conviction to determine a petitioner's eligibility.

II.
We begin our analysis by reviewing the statutory language. N.J.S.A. 2C:52-2(a) provides as follows:
Indictable Offenses. In all cases, except as herein provided, wherein a person has been convicted of a crime under the laws of this State and who has not been convicted of any prior or subsequent crime . . . [the person] may, after the expiration of a period of 10 years from the date of his conviction, payment of fine, satisfactory completion *89 of probation or parole, or release from incarceration, whichever is later, present a duly verified petition as provided in section 2C:52-7 to the Superior Court in the county in which the conviction was entered praying that such conviction and all records and information pertaining thereto be expunged.
[N.J.S.A. 2C:52-2(a)(emphasis added).]
Subsections (b) and (c) of N.J.S.A. 2C:52-2 set forth specific crimes that cannot be expunged. Bribing a public servant is not identified in either subsection. Accordingly, expungement of petitioner's bribery conviction is permissible provided the statutory criteria contained in N.J.S.A. 2C:52-2(a) are satisfied.
The sole issue presented is whether, because of Ross's false swearing conviction, he has been "convicted of any . . . subsequent crime." N.J.S.A. 2C:52-2(a). The Legislature did not define this phrase, nor is there any case law on point that interprets it in this context. Because this is a statutory interpretation issue, the standard of review is de novo. Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995).
We reject petitioner's argument that the date each crime was committed "is not relevant to the inquiry" of whether he is entitled to expunge his bribery conviction. The pertinent statute authorizes expungement for persons who have "not been convicted of any prior or subsequent crime." N.J.S.A. 2C:52-2(a). Another section provides that the expungement statute is designed to provide "relief to the one-time offender." N.J.S.A. 2C:52-32. Although the court accepted Ross's guilty pleas on a single occasion, it is beyond dispute that Ross committed two separate crimes months apart from each other. The bribery in question occurred between April 20, 1989, and February 28, 1990. The false swearing under oath did not occur until May 22, 1990. Judge Isman consequently determined that because petitioner was convicted of a "subsequent crime," namely the false swearing, he was not entitled to an expungement of the "prior" crime of bribery.
We conclude that the statute is clear and unambiguous on its face and is susceptible of only one interpretation. Unquestionably, the words "prior" and "subsequent" do not modify the term "conviction." Instead, they modify the term "crime," which leads to the conclusion that if two crimes are committed on separate occasions, they are precluded from expungement regardless of whether the two crimes carry a single sentencing date and therefore a single date of conviction. We agree with the State's contention that had the Legislature intended to permit the result petitioner urges, it would have used the language "and who has no prior or subsequent convictions."
Our conclusion is strengthened by an analysis of N.J.S.A. 2A:164-28, which was the applicable expungement statute prior to the enactment of Title 2C of the penal code in 1979. That statute provided in pertinent part:
In all cases wherein a criminal conviction has been entered against any person whereon sentence was suspended, or a fine imposed of not more than $1,000 and no subsequent conviction has been entered against such person, it shall be lawful after the lapse of ten years from the date of such conviction for the person so convicted to present a duly verified petition to the Court, wherein such conviction was entered, setting forth all the facts in the matter and praying for the relief provided in this section.
[N.J.S.A. 2A:164-28 (emphasis added).]
*90 When the language of N.J.S.A. 2A:164-28 is compared to the language of N.J.S.A. 2C:52-2, it is evident that the Legislature deliberately chose to narrow the eligibility for expungement by enacting N.J.S.A. 2C:52-2. Under N.J.S.A. 2A:164-28, a person was eligible for expungement as long as he incurred "no subsequent conviction," whereas the current statute prohibits expungement whenever a person commits a "subsequent crime." We are satisfied that when the Legislature enacted N.J.S.A. 2C:52-2, it intended to preclude expungement of a crime committed on a subsequent occasion regardless of whether the conviction date was the same as the conviction date for a crime committed on an earlier occasion.
"The Legislature is presumed to be `thoroughly conversant with its own legislation and the judicial construction of its statutes.'" Nebesne v. Crocetti, 194 N.J.Super. 278, 281, 476 A.2d 858 (App.Div.1984)(quoting Brewer v. Porch, 53 N.J. 167, 174, 249 A.2d 388 (1969)). Thus, it is reasonable to conclude that when the Legislature enacted N.J.S.A. 2C:52-2, it was aware of our interpretation of N.J.S.A. 2A:164-28 in In re Application of Fontana, 146 N.J.Super. 264, 369 A.2d 935 (App.Div.1976). There, we construed N.J.S.A. 2A:164-28 to permit the expungement of charges contained within six separate indictments and encompassing burglaries and thefts at five separate premises committed at various times during a one-week period. Id. at 267, 369 A.2d 935. We permitted the expungement of numerous crimes committed over a one-week period because we considered the conduct at issue "as akin to a `one-night spree' which has generally received special consideration. . . ." Ibid.
In reversing the Law Division order that had denied Fontana's expungement request, we gave great weight to the fact that Fontana was sentenced and convicted on a single sentencing date even though he had pled guilty to charges contained within six separate indictments. Ibid. We held that the expungement statute "is specifically aimed at providing an incentive for rehabilitation of a person convicted of a crime, and its purpose will be advanced by a construction which authorizes expungement under the circumstances here present." Ibid. We further concluded that because expungement was discretionary under the statute, the "multiple judgments of conviction" did not preclude expungement. Ibid.
Applying the reasoning of Nebesne, we are satisfied that when the Legislature enacted N.J.S.A. 2C:52-2, it was "thoroughly conversant with its own [prior] legislation and the judicial construction of its statute[ ]" in Fontana. Nebesne, supra, 194 N.J.Super. at 281, 476 A.2d 858. Accordingly, we conclude that when the Legislature enacted N.J.S.A. 2C:52-2, it deliberately chose to alter the more expansive view of expungement that had existed under N.J.S.A. 2A:164-28 and that was exemplified by our decision in Fontana. That being so, we conclude that when the Legislature chose the language "subsequent crime" it intended to preclude expungement of a conviction where an individual commits a second crime even if the two crimes result in a single sentencing and conviction date.
Our conclusion that Judge Isman correctly denied Ross's expungement petition is consistent with our opinion in State v. Blazanin, 298 N.J.Super. 221, 225, 689 A.2d 196 (App.Div.1997), where we held that "once a defendant is convicted of two indictable offenses, no relief may be granted." There, the convictions occurred a month apart, id. at 223, 689 A.2d 196, and we concluded that "a defendant convicted of more than one indictable offense is precluded *91 from obtaining expungement as to any of his convictions." Id. at 225, 689 A.2d 196.
We do not view the Court's opinion in In re Expungement Application of P.A.F., 176 N.J. 218, 822 A.2d 572 (2003), as holding otherwise. There, the Court held that the petitioner "should not have been denied an expungement of his criminal record because he held no public office when he was convicted of aiding and abetting misconduct in office." Id. at 224, 822 A.2d 572. The Court held that the petitioner was not precluded from receiving the benefit of the expungement statute merely because the public official with whom the petitioner had conspired was barred from obtaining the benefits of the expungement process. Id. at 219, 822 A.2d 572. The issue raised here was not addressed by the court in P.A.F. Not only was the issue not raised before the Supreme Court, but as we understand the record, the issue was not raised before the Law Division either. For that reason, we do not view the Court's decision in P.A.F. as precluding the result we reach here.
Accordingly, we are satisfied that Judge Isman correctly determined that Ross's conviction for the "subsequent crime" of false swearing precluded expungement of his bribery conviction even though the two crimes resulted in a single sentencing and conviction date.
Affirmed.
NOTES
[1] N.J.S.A. 2C:27-6 was repealed by L. 2003, c. 255, § 7, effective January 14, 2004. The bribery and corrupt influence statutes are now codified at N.J.S.A. 2C:27-1 to -12.