**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1359-13T1

IN THE MATTER OF THE
EXPUNGEMENT OF THE CRIMINAL
RECORDS OF G.P.B.

> **APPROVED FOR PUBLICATION**
>
> **June 9, 2014**
>
> **APPELLATE DIVISION**

_____

Submitted May 28, 2014 — Decided June 9, 2014

Before Judges Fisher, Espinosa and O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Docket No. 11-EX-12.

Richard T. Burke, Warren County Prosecutor, attorney for appellant State of New Jersey (Kelly Anne Shelton, Assistant Prosecutor, of counsel and on the brief).

Krovatin Klingeman, LLC, attorneys for respondent G.P.B. (Gerald Krovatin and Ernesto Cerimele, on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In this appeal, we again[1] consider whether the so-called "crime-spree" principle formulated in In re Fontana, 146 N.J. Super. 264, 267 (App. Div. 1976) — a product of our interpretation of an earlier, differently-worded expungement

---

[1]The parties have alluded to a handful of unreported decisions on this same subject rendered by this court within the last year.

statute, N.J.S.A. 2A:164-28 — has application to a petition seeking expungement pursuant to the current statute, N.J.S.A. 2C:52-2(a), of a single judgment encompassing multiple crimes committed on two different days.

The record demonstrates that, on September 16, 1999, petitioner pleaded guilty to one count of third-degree conspiracy, N.J.S.A. 2C:5-2, and three counts of third-degree making gifts to public servants, N.J.S.A. 2C:27-6(b). At his plea hearing, petitioner acknowledged he and another agreed to make a monetary campaign contribution to one municipal official on April 19, 1999, and to two other municipal officials on April 20, 1999, to secure their opposition to a municipal resolution. This illicit agreement also included petitioner's promise to make additional campaign contributions once the municipal officials voted against the resolution. At sentencing, the conspiracy conviction was merged into the convictions on the three other crimes, and petitioner was sentenced to concurrent three-year probationary terms conditioned upon a thirty-day stay in the county jail; community service, fines and other penalties were also imposed.

On November 15, 2012, petitioner filed this action, seeking expungement of records relating to the 2001 judgment of conviction. The State objected and, following argument, the

trial judge granted the application for reasons set forth in an oral decision. In appealing, the State argues that the judge erred in granting expungement because "petitioner was convicted of three separate crimes committed on two separate dates."

The expungement of criminal records is available only if authorized by legislation. There is no constitutional or common law right to the expungement of records relating to a criminal conviction.[2] The order under review was based solely on the trial judge's interpretation of N.J.S.A. 2C:52-2(a), which states, in pertinent part, that a person's criminal records may be expunged when that person

> has been convicted of <u>a crime</u> under the laws of this State and . . . <u>has not been convicted of any prior or subsequent crime</u> . . ., after the expiration of a period of 10 years . . . .

> [Emphasis added.]

The statute imposes other requirements, but we need not consider them because, in seeking reversal, the State argues only that petitioner was convicted of "crimes" not "a crime" or, stated another way, petitioner failed to prove he had not been convicted of any prior or subsequent crime because he pleaded

---

[2]It is not clear whether arrest records — generated through law enforcement abuses — may be expunged as an equitable remedy. See <u>Bd. of Educ., Middletown Twp. v. Middletown Teachers Educ. Ass'n</u>, 365 <u>N.J. Super.</u> 419, 427-28 (Ch. Div. 2003).

guilty to multiple crimes and each was prior or subsequent to the other.

Although the trial judge did not utter the words "crime spree" in his opinion, we assume he applied this principle in granting relief to petitioner. The "crime spree" principle was originally enunciated in Fontana, and recently examined — in connection with the current expungement statute — in In re Ross, 400 N.J. Super. 117 (App. Div. 2008). In his oral decision, the judge referred to another recent decision, In re Criminal Records of R.Z., 429 N.J. Super. 295 (App. Div. 2013), and concluded that petitioner's crimes — participating in a multi-act conspiracy over the course of two days to unlawfully obtain a favorable determination on a pending municipal matter — were "so closely tied together" as to permit the relief sought.

We reject the trial judge's interpretation and application of N.J.S.A. 2C:52-2(a). In Ross, we held the statutory language in question — a person who was convicted of "a crime" may obtain expungement if he or she "has not been convicted of any prior or subsequent crime," N.J.S.A. 2C:52-2(a) — is "clear and unambiguous on its face and is susceptible of only one interpretation," namely, that "the words 'prior' and 'subsequent' do not modify the term 'conviction[,]'" but instead "modify the term 'crime,' which leads to the conclusion that if

two crimes are committed on separate occasions, they are precluded from expungement regardless of whether the two crimes carry a single sentencing date and therefore a single date of conviction." Ross, supra, 400 N.J. Super. at 122. We agree with that interpretation.[3] The Legislature used the word "crime," not "conviction," in N.J.S.A. 2C:52-2(a), and did so in the face of our interpretation in Fontana of the earlier statute, N.J.S.A. 2A:164-28, which used the word "conviction" instead of "crime." We assume the Legislature understood the distinction when it selected the language of the current statute — action very likely intended to avoid the application of the amorphous "crime-spree" concept in future matters — and we are, therefore, bound by the Legislature's unambiguous command in such matters.

We lastly note that in a more recent unpublished opinion, we again adhered to Ross's interpretation of the statutory language in question when reversing an order that permitted expungement of criminal records where the petitioner was convicted of drug crimes that occurred five days apart. We are

---

[3] We do not agree with the trial judge's apparent determination that R.Z. supports his application of the so-called "crime spree" principle to petitioner's multiple crimes over two days. In R.Z., we adhered to Ross in holding that a petitioner had not sustained his burden to prove "he committed his crimes concurrently, and not on 'separate occasions.'" 429 N.J. Super. at 297 (quoting Ross, supra, 400 N.J. Super. at 122).

mindful that the Supreme Court has granted certification in that matter, <u>In re Expungement Petition of J.S.</u>, __ <u>N.J.</u> __ (April 11, 2014), and may soon either endorse or reject <u>Ross</u>'s interpretation. Until instructed otherwise, however, we will continue to adhere to <u>Ross</u> because we agree with its interpretation of the statute. In applying <u>Ross</u>'s holding, we must set aside the expungement order in question. In entering his guilty plea, petitioner admitted the commission of crimes on April 19 and April 20, 1999. <u>N.J.S.A.</u> 2C:52-2(a) only permits expungement when that relief is sought by a person who "has been convicted of a crime," not crimes.[4]

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4]Although our decision reverses the expungement order and would, therefore, ordinarily deprive petitioner of the confidentiality of his 2001 crimes previously granted by the trial court, we have nevertheless kept petitioner's identity confidential in this opinion in light of the possibility that the Supreme Court's decision in <u>J.S.</u> may prove favorable to him. We do not mean to suggest, however, that our judgment is stayed pending further proceedings, if any, in the Supreme Court. We intimate no view whether a stay should be entered if petitioner seeks review in the Supreme Court.